46 F.3d 1128
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Theodore Roosevelt JOHNSON, Defendant-Appellant.
 No. 92-5628.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 27, 1994.
Decided Feb. 9, 1995.
 
 E. Raymond Alexander, Jr., Greensboro, NC, for Appellant. Benjamin H. White, Jr., United States Attorney, Robert M. Hamilton, Assistant United States Attorney, Greensboro, NC, for Appellee.
 Before HALL, WILKINS, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Theodore Roosevelt Johnson pled guilty to distribution of 77.3 grams of cocaine hydrochloride, in violation of 21 U.S.C.A. Sec. 841(a)(1), (b)(1)(C) (West 1981 & Supp.1994). He was sentenced as a career offender to 230 months imprisonment. United States Sentencing Commission, Guidelines Manual, Sec. 4B1.1 (Nov.1991). On appeal from the conviction and sentence, Johnson's attorney has filed a supplemental brief in accordance with Anders v. California, 386 U.S. 738 (1967), noting four issues but stating that, in his view, there are no meritorious issues for appeal.[1] Johnson has filed two supplemental pro se briefs raising nine other issues. After a thorough review of the briefs and the record, we affirm Johnson's conviction and sentence.
 
 I.
 
 2
 Johnson's counsel first challenges the sufficiency of the Government's "Amended Information of Prior Conviction," correcting erroneous prior convictions ascribed to Johnson in the Government's original "Information of Prior Conviction," under the notice provisions of 21 U.S.C. Secs. 850, 851(a) (1988). The "Amended Information," seeking application of the thirty-year enhanced statutory maximum penalty for repeated drug offenders, 21 U.S.C.A. Sec. 841(b)(1)(C), described Johnson's June 29, 1983, federal conviction in the Southern District of New York for use of a telephone to facilitate a heroin transaction.
 
 
 3
 When the Government seeks application of statutory provisions for increased punishment for a repeat offender, it must file a pretrial information describing the prior conviction(s) to be relied upon for that enhancement. 21 U.S.C. Sec. 851(a). The offender's complete criminal record need not be set forth in the information. 21 U.S.C. Sec. 851(c)(1). Section 841(b)(1)(C) requires only one prior drug conviction to raise the statutory maximum penalty from twenty years to thirty years. In this case, the Government's timely-filed information describing Johnson's 1983 federal drug conviction satisfied the requirements of Sec. 851(a). Although Johnson's sentencing range was increased on the basis of his career offender status, which requires proof of two prior drug convictions,[2] U.S.S.G. Sec. 4B1.1, the notice requirements of Sec. 851(a)(1) are inapplicable to the career offender enhancement. See, e.g., United States v. Day, 969 F.2d 39, 48 (3d Cir.1992); Young v. United States, 936 F.2d 533, 535-36 (11th Cir.1991). Thus, Johnson received proper Sec. 851(a) notice of his prior conviction.
 
 II.
 
 4
 Defense counsel contends that Johnson's 1974 convictions are too old to be considered for purposes of the career offender enhancement. However, under U.S.S.G. Sec. 4A1.2(e)(1), any sentence of imprisonment exceeding one year and one month that resulted in the defendant's incarceration during the fifteen-year period predating the commencement of the instant offense may be properly considered. The sentences of imprisonment imposed for Johnson's 1974 state drug convictions resulted in his incarceration during the fifteen-year period preceding his February 1992 criminal conduct at issue in the instant case. Hence, both of those convictions could be properly counted under U.S.S.G. Sec. 4A1.2(e)(1).
 
 III.
 
 5
 Defense counsel next contests the alleged double jeopardy implications of assigning Johnson a career offender enhancement on the basis of his prior convictions. This argument is without merit, for the career offender enhancement is not a second punishment for earlier offenses but merely " 'a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.' " United States v. Garrett, 959 F.2d 1005, 1009 (D.C.Cir.1992) (quoting Gryger v. Burke, 334 U.S. 728, 732 (1948)). The Sentencing Commission is statutorily required to establish an enhanced sentencing range for repeat drug offenders. 28 U.S.C. Sec. 994(h) (1988). Such a provision is not violative of the constitutional prohibition against double jeopardy. Albernaz v. United States, 450 U.S. 333, 344 (1981).
 
 IV.
 
 6
 Defense counsel next challenges the sufficiency of the district court's 21 U.S.C. Sec. 851(b) colloquy with Johnson. Under that provision, the district court is required, prior to sentencing, to inquire of the defendant whether he affirms or denies the prior conviction(s) outlined in the Government's filed information and to inform the defendant that any challenge to the described conviction(s) cannot be raised after imposition of sentence to attack that sentence.
 
 
 7
 Neither of these inquiries were directly addressed to Johnson by the district court. However, both defense counsel and Johnson stated at various points during the sentencing hearing that Johnson did not deny his prior federal drug conviction. As to the court's failure to warn Johnson of the implications of a failure to challenge his prior convictions, any challenge to those convictions was already barred by the five-year limitations period for such challenges under 21 U.S.C. Sec. 851(e). Notwithstanding that bar, Johnson's objections and the district court's subsequent findings at the sentencing hearing concerning the prior convictions and the consolidation of prior sentences evidence Johnson's appreciation of his opportunity to challenge those convictions. See United States v. Campbell, 980 F.2d 245, 252 (4th Cir.1992) (failure to address specifically the issues under Sec. 851(b) not reversible error where substantive protections underlying that provision provided to and exercised by defendant), cert. denied, 61 U.S.L.W. 3803 (U.S.1993). Moreover, the absence of an argument on appeal by Johnson or defense counsel that Johnson would or could have raised a proper challenge to the prior convictions if given the appropriate admonition by the district court, coupled with Johnson's failure to comply with the conviction denial procedures outlined in Sec. 851(c), render the court's failure to comply strictly with the dictates of the Sec. 851(b) colloquy harmless error under Fed.R.Crim.P. 52(a). United States v. Fragoso, 978 F.2d 896, 902-03 (5th Cir.1992), cert. denied, 61 U.S.L.W. 3668 (U.S.1993).
 
 V.
 
 8
 The remaining issues raised in Johnson's pro se supplemental briefs are similarly without merit.
 
 
 9
 First, contrary to Johnson's argument, his base offense level was properly calculated according to the 34 offense level correctly ascribed to him as a career offender, rather than the 16 offense level otherwise assignable based on the quantity of drugs involved in his instant criminal conduct. Compare U.S.S.G. Sec. 2D1.1(c)(14) with Sec. 4B1.1(B).
 
 
 10
 The referral of Johnson's case by the state authorities to the federal authorities, for the alleged sole purpose of exposing him to a greater sentence of imprisonment under the career offender provisions, is consistent with the concept of dual sovereignties and does not violate Johnson's due process and equal protection rights. United States v. Smith, No. 93-5837, 1994 U.S.App. LEXIS 19,608 (4th Cir. July 29, 1994) (slip op.).
 
 
 11
 Johnson was not unconstitutionally deprived of an independent hearing on the issues of his dangerousness and enhancement eligibility, as was once required under 18 U.S.C. Sec. 3575(b) (1982), and 21 U.S.C. Sec. 849 (1982). Those provisions were repealed as of November 1, 1986, and November 1, 1987, respectively, and have no effect as to criminal conduct occurring after those dates. Assuming arguendo that those provisions could indeed be applied to Johnson's pre-repeal criminal conduct, the fact that the Government did not seek a sentencing enhancement under those "dangerous special offender" provisions renders the procedural safeguards outlined therein inapplicable to this case.
 
 
 12
 We need not consider Johnson's claim that the thirty-year maximum penalty under Sec. 841(b)(1)(C) applicable to defendants with one or more prior felony drug convictions is unconstitutionally dispropor tionate and unduly severe, because proportionality review is not constitutionally required for sentences less than life imprisonment without parole. United States v. LaRouche, 896 F.2d 815, 831 (4th Cir.), cert. denied, 496 U.S. 927 (1990); see also Harmelin v. Michigan, 501 U.S. 957, 994-96 (1991) (life without parole sentence for cocaine possession not cruel and unusual punishment). Should such review be conducted, however, it is obvious that the congressional intent for "progressive, incremental, 'stairstep' " mandatory sentence enhancements for repeat offenders reflected in Sec. 841, United States v. Blackwood, 913 F.2d 139, 147 (4th Cir.1990), is reasonably related to a legitimate legislative interest in punishing recidivists more severely. See United States v. Thomas, 900 F.2d 37, 39-40 (4th Cir.1990) (Congress may place greater penalties upon distribution of crack cocaine, as opposed to powder cocaine, based on rational conclusion of greater danger).
 
 
 13
 Johnson's argument that 21 U.S.C. Sec. 841 does not specifically criminalize the distribution of the amount of cocaine involved in his case, 77.3 grams, is rendered frivolous by the general catch-all provision of Sec. 841(b)(1)(C), under which he was charged and convicted, which contemplates drug distributions "[i]n the case of a controlled substance in schedule I or II except as provided in subparagraphs (A), (B), or (D)...." Because cocaine is a Schedule II controlled substance, 21 U.S.C.A. Sec. 812(c) (West 1981 & Supp.1994), and because his conduct is not specifically contemplated by Sec. 841(b)(1)(A), (B), or (D), Johnson's criminal acts come within the boundaries established by Sec. 841(b)(1)(C).
 
 
 14
 Because they are not conclusively demonstrated by the record, Johnson's allegations of ineffective assistance of counsel cannot be raised for the first time on direct appeal. United States v. DeFusco, 949 F.2d 114, 120 (4th Cir.1991), cert. denied, 60 U.S.L.W. 3717 (U.S.1992). Those claims should be reviewed in subsequent proceedings under 28 U.S.C. Sec. 2255 (1988). Id.
 
 
 15
 Contrary to Johnson's extended discussion, Congress does have the authority, under the Commerce Clause, to criminalize the intrastate possession and distribution of controlled substances. United States v. Visman, 919 F.2d 1390, 1392-93 (9th Cir.1990), cert. denied, 60 U.S.L.W. 3374 (U.S.1991); United States v. Atkinson, 513 F.2d 38, 39-40 (4th Cir.1975); see 21 U.S.C.A. Secs. 801(3)-(6), 812 (West 1981 & Supp.1994) (describing direct and injurious effect of intrastate drug possession and distribution on interstate commerce). That authority permits the enactment and enforcement of Sec. 841 within the territorial jurisdiction of the United States, which includes North Carolina. See Testa v. Katt, 330 U.S. 386, 391 (1947) ("[T]he Constitution and the laws passed pursuant to it are the supreme laws of the land, binding alike upon states, courts, and the people...."). Hence, Sec. 841 is not a legislative enactment beyond the authority authorized Congress in the Constitution, and the district court had subject matter jurisdiction over Johnson's criminal conduct.
 
 
 16
 Finally, the district court did not err in failing to determine the quantity of drugs reasonably foreseeable to Johnson prior to sentencing, because such a finding is required only in conspiracy cases, where a defendant may be held accountable for drug quantities or the acts of coconspirators in furtherance of the conspiracy that were reasonably foreseeable to that particular defendant. See, e.g., United States v. Campbell, 935 F.2d 39, 46 (4th Cir.), cert. denied, 60 U.S.L.W. 3309 (U.S.1991); U.S.S.G. Sec. 1B1.3, comment. (n.1) (Nov.1991).
 
 VI.
 
 17
 In accordance with Anders, we have examined the entire record in this case and find no other meritorious issues for appeal. This Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.
 
 
 18
 For the reasons noted above, we affirm the district court's judgment of conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Counsel's supplemental brief was filed in compliance with this Court's order for further briefing, entered after his original brief raised no arguable issues for appeal. See Anders, 386 U.S. at 744 (even appeal deemed frivolous by defense counsel "must ... be accompanied by a brief referring to anything in the record that might arguably support the appeal")
 
 
 [2]
 In addition to his 1983 federal drug conviction, Johnson received a consolidated four-year sentence, imposed on December 19, 1974, for various drug charges, and a consolidated five to fifteen year sentence, imposed on June 19, 1974, for other unrelated drug charges, both in the Bronx, New York, Supreme Court