960 F.2d 1054
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
United States of America, Appellee,
v.
David Lynn Kern, Appellant.
 No. 91-3038SD.
 United States Court of Appeals, Eighth Circuit.
 Submitted: April 13, 1992.
Filed: April 24, 1992.
 
 Before ARNOLD, Chief Judge, ROSS, Senior Circuit Judge, and LOKEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 David Lynn Kern appeals his sentence of two and a half years imposed by the District Court[1] after he pleaded guilty to unauthorized use of a credit card. We affirm.
 
 
 2
 The government charged Kern in a five-count indictment with unlawfully using credit card account numbers to obtain airline tickets, in violation of 18 U.S.C. §§ 1029(a) and 2. The indictment alleged offenses occuring on October 18, 1989, October 20, 1989, and three times on October 22, 1990; they each involved a different American Express credit card and a different North Dakota travel agency. The offenses involved $1000, $1030, $1230, $1392, and $1230, respectively. Kern pleaded guilty to one count of the indictment (describing offense conduct occurring on October 22, 1990). Kern acknowledged in the plea agreement that "[t]he airline tickets were obtained as a continuing scheme to defraud the airline industry by obtaining tickets through the unauthorized use of credit card numbers and by subsequently redeeming the tickets for cash." The government agreed to move to dismiss the remaining charges.
 
 
 3
 The District Court set Kern's base offense level at thirteen under the criminal livelihood Guideline, U.S.S.G. § 4B1.3, based on Kern's "own admittance of making the majority of his income since 1987 from this type of criminal activity" (PSR p 14). Subtraction of two levels for acceptance of responsibility resulted in an adjusted offense level of eleven. The District Court then assessed ten criminal history points based on prior sentences, including three points for a two-year state sentence for second degree burglary imposed in 1973, for which Kern had been paroled on December 17, 1974. The District Court added two additional points under U.S.S.G. § 4A1.1(d) because Kern was on probation when he committed the instant offense, for a total of twelve points and a criminal history category of V. This offense level and criminal history category yielded a sentencing range of 24 to 30 months.
 
 
 4
 Kern objected to the assessment of three points for the 1973 burglary sentence because it was imposed more than fifteen years prior to his involvement in the instant offense. The Court concluded that the sentence could be counted in Kern's criminal history because the relevant conduct in Kern's case had begun in October 1989, thus bringing the sentence within the fifteen-year period provided for under Section 4A1.2(e)(1) (count any prior sentence exceeding one year and one month, whenever imposed, if it resulted in defendant's being incarcerated during any part of fifteen-year period preceding commencement of instant offense).
 
 
 5
 Kern argues that the Court erred in considering relevant conduct to determine when the offense of conviction began for purposes of computing his criminal history category. We disagree. Application Note 8 to section 4A1.2 provides in part:
 
 
 6
 Section 4A1.2(d)(2) and (e) establishes the time period within which prior sentences are counted. As used in § 4A1.2(d)(2) and (e), the term 'commencement of the instant offense' includes any relevant conduct. See § 1B1.3 (Relevant Conduct).
 
 
 7
 See also, e.g., United States v. Cornog, 945 F.2d 1504, 1509 (11th Cir. 1991) (to determine starting date of "window" in which prior sentences exceeding one year and one month can be counted under § 4A1.2(e)(1), "count back from the commencement of the instant offense-when the defendant began the 'relevant conduct' "). See also U.S.S.G. § 1B1.7 (commentary accompanying Guideline sections may interpret Guideline or explain application; failure to follow commentary could constitute an incorrect application of Guidelines). We disagree with Kern that Application Note 8 is ambiguous.
 
 
 8
 We also disagree with Kern that the Court engaged in impermissible double-counting by considering relevant conduct first in determining his base offense level, and second in determining his criminal history. Kern's offense level was assessed under the criminal livelihood Guideline, on the basis of his own admission that he had derived the majority of his post-1987 income from credit card fraud.
 
 
 9
 Kern also argues that the District Court erroneously concluded that the dismissed charges were relevant conduct. Because Kern's offense is of a character that would require grouping under U.S.S.G. § 3D1.2 for multiple counts, relevant conduct in this case includes acts that were part of the same course of conduct as, or a common scheme or plan involving, the offense of conviction. See U.S.S.G. § 1B1.3(a)(2). Under section 1B1.3, a district court can consider conduct involved in dismissed counts. United States v. Morton, Nos. 91-2618/91-2803, slip op. at 5 (8th Cir. Feb. 24, 1992). Kern's conduct in 1989 and 1990, as described in the indictment and the PSR, indicates a behavior pattern showing a course of conduct. After all, Kern admitted that all of the tickets were obtained as part of a continuing scheme. See United States v. Lawrence, 915 F.2d 402, 406-08 (8th Cir. 1990); United States v. Santiago, 906 F.2d 867, 872-73 (2d Cir. 1990). Thus, the District Court did not err in finding that the relevant conduct here began in 1989.
 
 
 10
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable John Bailey Jones, Chief Judge, United States District Court for the District of South Dakota