# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2673

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Donald Paul Rosenkrans, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: November 17, 2000

Filed: January 12, 2001

_____

Before LOKEN, LAY, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

LOKEN, Circuit Judge.

Donald Paul Rosenkrans pleaded guilty to one count of aiding and abetting the distribution of methamphetamine in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). At sentencing, Larry Dennert testified that he purchased marijuana, methamphetamine, and cocaine from Rosenkrans beginning in March 1996 and ending with the January 1998 transaction underlying this conviction. The district court[1] found that all of these drug transactions were relevant conduct for sentencing purposes. The

_____

[1] The HONORABLE CHARLES B. KORNMANN, United States District Judge for the District of South Dakota.

court determined drug quantity accordingly, see U.S.S.G. § 2D1.1(c), and it assessed two criminal history points based upon an October 1987 alcohol-related traffic offense for which Rosenkrans received a 180-day jail sentence, see U.S.S.G. § 4A1.2(c)(1)(A). Rosenkrans appeals his 97-month sentence. He accepts the district court's relevant conduct finding but challenges the assessment of criminal history points for the October 1987 prior sentence. We affirm.

The issue turns on the proper construction of U.S.S.G. § 4A1.2(e)(2), which provides that a prior sentence of thirteen months or less shall be counted in the criminal history calculation if it "was imposed within ten years of the defendant's commencement of *the instant offense*" (emphasis added). Rosenkrans argues that "the instant offense" is his January 1998 offense of conviction, which occurred more than ten years after the October 1987 prior sentence. However, in 1989 the Sentencing Commission expressly addressed this issue by adding the following sentence to Application Note 8 to guideline § 4A1.2:

> As used in § 4A1.2(d)(2) and (e), the term "commencement of the instant offense" *includes any relevant conduct*.

U.S.S.G. App. C, Amend. 265 (emphasis added). Concluding that Application Note 8 is controlling, the district court counted the October 1987 prior sentence because Rosenkrans's relevant conduct began less than nine years later in March 1996. On appeal, Rosenkrans argues that the above-quoted sentence in Application Note 8 is contrary to the plain meaning of § 4A1.2(e)(2), a guideline trumps inconsistent commentary, and therefore his October 1987 prior sentence may not be counted.

The purpose of this sentence in Application Note 8 is to "interpret the guideline or explain how it is to be applied." U.S.S.G. § 1B1.7. Interpretive guideline commentary is controlling unless it violates the Constitution or a federal statute, or is "plainly erroneous or inconsistent with" the guideline it interprets. Stinson v. United

<u>States</u>, 508 U.S. 36, 45 (1993) (quotation omitted). An amended commentary, such as the sentence in Application Note 8 here at issue, is binding "if the guideline which the commentary interprets will bear the construction," even if the amendment conflicts with prior judicial interpretation of the guideline. <u>Id.</u> at 46.

Applying this standard, we reject Rosenkrans's contention that the above-quoted sentence in Application Note 8 conflicts with the guideline it interprets. Section 4A1.2(e)(2) refers to "the instant offense," not "the offense of conviction." The term "instant offense" is itself defined in the Guidelines:

> "Offense" means the offense of conviction *and all relevant conduct under § 1B1.3 (Relevant Conduct)* unless a different meaning is specified or is otherwise clear from the context. The term "instant" is used in connection with "offense" . . . to distinguish the violation for which the defendant is being sentenced from a prior or subsequent offense . . . .

U.S.S.G. § 1B1.1 comment. (n.1(*l*)) (emphasis added). Thus, when the Commission amended Application Note 8 to expressly provide that relevant conduct must be taken into account in applying § 4A1.2(e)(2), it simply clarified that the usual meaning of "instant offense" as defined in § 1B1.1 should be used in determining an applicable criminal history time period under § 4A1.2(e). Such commentary is not plainly erroneous or inconsistent with the guideline it interprets. Therefore, it must be followed, as the few circuit court decisions to consider this issue have concluded. <u>See</u> <u>United States v. Kennedy</u>, 32 F.3d 876, 890 (4th Cir. 1994); <u>United States v. Smith</u>, 991 F.3d 1468, 1470-71 (9th Cir. 1993) (construing the term "instant offense" in §§ 4A1.1(d) and (e) as including relevant conduct, as required by Application Notes 4 and 5 to § 4A1.1); <u>United States v. Kern</u>, 1992 WL 80804 (8th Cir. Apr. 24, 1992) (unpublished). In addition, this court and other circuits have followed Application Note 8 in including relevant conduct under § 4A1.2(e) without discussing the issue. <u>See</u> <u>United States v. Gibbs</u>, 182 F.3d 408, 446 (6th Cir. 1999); <u>United States v. Peck</u>, 161

F.3d 1171, 1173 (8th Cir. 1998); <u>United States v. Lampton</u>, 158 F.3d 251, 256 n.3 (5th Cir. 1998); <u>United States v. Gabel</u>, 85 F.3d 1217, 1222-24 (7th Cir. 1996).

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.