# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

—————

No. 06-2885

—————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Southern |
| | * | District of Iowa. |
| Nile L. Cunningham, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

—————

Submitted: January 10, 2007
Filed: January 29, 2007

—————

Before LOKEN, Chief Judge, BYE and SHEPHERD, Circuit Judges.

—————

PER CURIAM.

Nile L. Cunningham appeals the thirty-seven month sentence imposed by the district court[1] after he pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and to being a person convicted of a misdemeanor crime of domestic violence in possession of a firearm in violation of 18 U.S.C. § 922(g)(9). He argues the district court erroneously calculated his offense level and criminal history category based on a flawed finding as to when his possession of the

---

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

firearms began and imposed an unreasonable sentence after improperly applying the factors set forth in 18 U.S.C. 3553(a). We affirm.

In calculating Cunningham's base offense level under the advisory United States Sentencing Guidelines (U.S.S.G. or Guidelines), the district court found he possessed the firearms within ten years of a 1991 Nebraska state court sentence (five years of probation) imposed after he pleaded guilty to felony manufacturing of a controlled substance. As a result of including the 1991 conviction in the calculation, Cunningham's base level was set at level twenty rather than level fourteen; he was not eligible for a "lawful sporting purpose" reduction which, if he otherwise qualified, would have capped his base offense level at level six; and he received an additional criminal history point, which placed him at the lowest end of criminal history category III. See U.S.S.G. §§ 2K2.1(a)(4), (b)(2), 4A1.1, 4A1.2(e)(2) (2005).

"On appeal of a sentence, we review de novo the district court's application of the sentencing guidelines and its factual findings for clear error." United States v. Davidson, 437 F.3d 737, 739-40 (8th Cir. 2006). Cunningham does not challenge the district court's application of the Guidelines. The 1991 conviction can be used in calculating Cunningham's sentence if the firearm offenses commenced within ten years of the date his 1991 sentence was imposed. U.S.S.G. § 4A1.1 (establishing, when read with § 4A1.2(e)(2), a ten-year period for certain offenses), referenced in § 2K2.1 cmt. n.12 (noting applicable felony convictions for establishing base offense level for firearm offenses are those receiving criminal history points under § 4A1.1). His firearm offenses commenced when he first engaged in any "act or omission" occurring "during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." U.S.S.G. § 1B1.3 (enumerating the factors considered in determining "relevant conduct"), cited in § 4A1.2 cmt. n.8 (noting "commencement of the instant offense" includes any relevant conduct under § 1B1.3); see also United States v. Rosenkrans, 236 F.3d 976, 977-78 (8th Cir. 2000) (applying the "relevant conduct"

definition in the Guidelines to determine the "commencement" date of the "instant offense").

Cunningham challenges the district court's factual finding he possessed firearms within ten years of 1991. The evidence at sentencing showed on June 20, 2005, Alcohol, Tobacco, and Firearms (ATF) special agents recovered four firearms from a kitchen cupboard in Cunningham's residence. One of the firearms, a combination .410/.22 caliber shotgun/rifle was purchased by Cunningham's ex-wife while they were still married; they divorced sometime in 1999. Three of the firearms, a 12-gauge shotgun, a 20-gauge youth-model shotgun, and a .22 caliber rifle were purchased in 2000 by Cunningham's current wife. When informed by ATF special agents it was unlawful to transfer a firearm to a prohibited person, Cunningham's current wife stated, "I didn't realize how much trouble you could get into until after I had done it." In addition, Cunningham admitted to the ATF special agents he: coerced his current wife into purchasing the firearms, knew the firearms were in his house, and had used the firearms to teach his sons how to hunt with firearms. In 2000, Cunningham's children were ages four and six. An ATF special agent testified at sentencing the 12-gauge shotgun would be "very difficult for a young boy or most women to handle" as it was "full-size" and had a twenty-eight inch barrel. Given the above, we find the district court did not commit clear error in finding a preponderance of the evidence established Cunningham engaged in conduct relevant to the firearm possession offense at least as early as 2000 when Cunningham coerced his wife into purchasing three of the firearms. See United States v. Urick, 431 F.3d 300, 303 (8th Cir. 2005) ("Possession under [18 U.S.C.] § 922(g) can be actual or constructive. . . . While mere physical proximity to a firearm is insufficient for possession, 'knowledge of presence' combined with 'dominion over the premises in which the contraband is concealed' will amount to constructive possession." (quotation omitted)).

Cunningham also claims the sentence was unreasonable because he "had not been convicted of any crimes (aside from an insufficient funds check) since 1996," had not used alcohol or drugs for fifteen years, had maintained employment until

suffering a back injury, and was an important figure in the lives of his children. He claims he only used the guns to teach his children how to hunt and two of the guns found could have been used by children; he stated he only bow hunted. Finally, he argues the district court relied too heavily on the importance of rendering consistent sentences. "We review the reasonableness of a sentence for an abuse of discretion." United States v. Lee, 454 F.3d 836, 838 (8th Cir. 2006). First, the sentence imposed was at the low end of the Guidelines range of thirty-seven to forty-six months of imprisonment. Second, the district court expressly referenced and considered the § 3553(a) factors in crafting Cunningham's sentence. Thus, we find the district court did not abuse its discretion in imposing his sentence.

Accordingly, we affirm.

_____