United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 27, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-20374
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HECTOR GONZALEZ REYNA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-166
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Hector Gonzalez Reyna pleaded guilty without a plea agreement to possession of a firearm by a felon and was sentenced to 120 months of imprisonment and three years of supervised release. He appeals his sentence.

Reyna argues that the district court plainly erred by enhancing his sentence based on a prior conviction for a "controlled substance offense" because his Texas conviction for delivery of a controlled substance did not qualify. He contends that delivery of cocaine as defined under Texas Health and Safety

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Code § 481.112 does not automatically qualify as a controlled substance offense because the statutory definition of delivery under Texas law includes offering to sell a controlled substance, which is broader than and includes acts outside of the guidelines definition of a controlled substance offense. He contends that the district court was not allowed to rely on the Presentence report's (PSR's) characterization of his offense in determining whether the prior conviction was a controlled substance offense.

Because Reyna did not object to the application of U.S.S.G. § 2K2.1(a)(4)(A) in the district court, this court reviews for plain error. United States v. Garza-Lopez, 410 F.3d 268, 272 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).

Section 2K2.1(a)(4)(A) provides for a base offense level of 20 if the "defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." According to the PSR, Reyna was convicted in 2000 of delivery of cocaine. Based on information from the Houston Police Department, Reyna sold two rocks of crack cocaine to an undercover officer.

"Under the categorical approach set forth in Taylor v. United States, 495 U.S. 575, 602 . . . (1990), a district court looks to the elements of a prior offense, rather than to the facts underlying the conviction, when classifying a prior offense for sentence enhancement purposes." Garza-Lopez, 410 F.3d at 273. In considering whether a prior conviction qualifies as a

controlled substance offense, the court may look to the statutory definition and elements of the offense, the charging paper, a written plea agreement, the guilty-plea transcript, factual findings by the trial judge to which the defendant assented, or jury instructions. See Shepard v. United States, 544 U.S. 13, 16 (2005) (addressing enhancement under the Armed Career Criminal Act (ACCA)); Garza-Lopez, 410 F.3d at 273. However, "a district court is not permitted to rely on a PSR's characterization of a defendant's prior offense for enhancement purposes." Garza-Lopez, 410 F.3d at 274.

The statutory definition of the offense must be considered because the record includes only the PSR's description of the offense based on information from the police. At the time of Reyna's conviction in 2000, § 481.112 provided that: "a person commits an offense if the person knowingly or intentionally manufactures, delivers, or possesses with intent to manufacture or deliver a controlled substance listed in Penalty Group 1." § 481.112(a) (Vernon 1994). "Deliver" is defined to include "offering to sell a controlled substance." § 481.002(8) (Vernon 1999).

In United States v. Gonzales, ___ F.3d ___, No. 05-41221, 2007 WL 1063993 at * 1 (5th Cir. Mar. 7, 2007), we considered whether a conviction under § 481.112 for unlawful delivery of a controlled substance warranted a 16-level increase under

§ 2L1.2(b)(1)(A)(i), and whether the error affected the defendant's substantial rights. We held that the statutory definition of delivery of a controlled substance, as defined in § 481.112, encompasses activity that does not fall within § 2L1.2's definition of drug trafficking offense. Id. We held that the district court erred in applying the drug trafficking enhancement and that the error was plain. Id.

A "controlled substance offense" under § 2K2.1 has the meaning given in § 4B1.2(b) and comment.(n.1), and it is defined in almost the identical manner as a "drug trafficking offense" within the meaning of § 2L1.2. See § 4B1.2(b); § 2L1.2, comment. (n.1(B)(iv)). The definitions of "controlled substance offense" and "drug trafficking offense" are identical for our purposes under the guidelines.

Our decision in Gonzales, 2007 WL 1063993 at * 1-2, that a conviction under § 481.112 encompasses activity that does not fall within § 2L1.2's definition of drug trafficking offense, applies equally to the definition of controlled substance offense in § 2K2.1. The district court erred in determining, based on the PSR's description of his conduct, that Reyna's prior conviction was a controlled substance offense, and the error was plain. See id.

We must then determine whether the error affected Reyna's substantial rights. See id. at * 3. Reyna argues that the sentencing error affected his substantial rights because absent

the enhancement for a prior conviction for a controlled substance offense, his correct base offense level would have been 14 under § 2K2.1(a)(6), and, with the other unchallenged offense level adjustments and a criminal history category of III, his guideline range would have been 41-51 months.

In Gonzales, we determined that the defendant had satisfied the third prong of plain error because absent the erroneous enhancement, the defendant's guideline range would have been significantly lower than the sentence he received. 2007 WL 1063993 at * 3. We concluded that the defendant had satisfied the fourth prong of plain error because the district court's error clearly affected the sentence. Id. We vacated the defendant's sentence and remanded for resentencing. Id.

Without the enhancement for a prior conviction for a "controlled substance offense," Reyna's guideline range would have been 41-51 months, significantly lower than the guideline range of 78-97 months determined by the district court. Reyna has satisified the third prong of plain error. See Gonzales, 2007 WL 1063993 at * 3. If the district court had started with a guideline range of 41-51 months, it is not clear that the district court would have varied from the guideline range to 120 months. We conclude that the error clearly affected the sentence. See Gonzales, 2007 WL 1063993 at * 3.

Reyna also argues that the district court erred by imposing an unreasonable sentence above the applicable imprisonment range.

We do not reach the reasonableness issue because we cannot say that the district court's error in calculating the advisory Guidelines range did not affect the district court's selection of the 120-month sentence because the erroneously calculated sentencing range served as a reference point for the upward departure.  See United States v. Davis, 478 F.3d 266, 273-74 (5th Cir. 2007).

Reyna's sentence is VACATED and the case is REMANDED for resentencing.