# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 21, 2007

Charles R. Fulbruge III
Clerk

No. 06-11059
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LEATRICE ROBERTS, JR

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:06-CR-2-ALL

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Leatrice Roberts, Jr., pleaded guilty to an indictment charging him with being a felon in possession of a firearm. The district court sentenced Roberts to 115 months of imprisonment. For the first time on appeal, Roberts argues that because he neither pleaded guilty nor was convicted by a jury he stands "unconvicted" and his sentence must be vacated. Roberts's argument is based on the plea colloquy wherein the magistrate judge asked "Mr. Roberts, having

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

heard all of the foregoing how do you plead to Count 1 of the indictment?" Roberts responded "Yes, sir."

Roberts failed to raise this argument in the district court. Accordingly, the plain error standard of FED. R. CRIM. P. 52(b) is applicable. See United States v. Reyna, 358 F.3d 344, 348-50 (5th Cir. 2004) (en banc) (defendant denied right to allocution) (citing United States v. Vonn, 535 U.S. 55, 65 (2002) (district court failed to address defendant personally when taking guilty plea; applying Rule 52(b)). Although he did not utter the word "guilty," Roberts clearly used language expressive of his culpability. See United States v. Williams, 20 F.3d 125, 134 (5th Cir. 1994) (this court does not "require such a talismanic incantation, so long as the language used is expressive of the defendant's culpability"). Moreover, Roberts has never alleged that he did not knowingly and voluntarily intend to enter a guilty plea in the instant case. He thus fails to show prejudice affecting his substantial rights. See United States v. Luna-Orozco, 321 F.3d 857, 860 (9th Cir. 2003).

Roberts also argues that the district court plainly erred in concluding that his 1992 Texas conviction for delivery of a controlled substance was a prior controlled substance offense under U.S.S.G. § 2K2.1(a)(4)(A). His argument is reviewed for plain error. See United States v. Gonzales, 484 F.3d 712, 714 (5th Cir.), cert. denied, 127 S. Ct. 3031 (2007).

The Government concedes that an offense under Tex. Health and Safety Code Ann. § 481.112 may not automatically be classified as a controlled substance offense for guidelines purposes. See Gonzales, 484 F.3d at 712. The Government correctly argues, however, that it is permissible to look to Roberts's indictment in order to evaluate whether the prior offense qualifies as a controlled substance offense. See United States v. Morales-Martinez, 496 F.3d 356, 358 (5th Cir. 2007).

The 1992 indictment charged Roberts with actual and/or constructive transfer and delivery of cocaine to Marian Elkins. Roberts concedes that the

indictment narrows his prior conviction "down to" actual or constructive transfer.  He argues, however, that this court has never held that an actual or constructive transfer of a controlled substance is a controlled substance offense under the Guidelines.  The actual or constructive transfer of a controlled substance is rationally understood to be distribution, which is specifically included in the definition of a controlled substance offense set forth in § 4B1.2.  Roberts presents no authority which suggests otherwise.

Roberts next argues that the term "distribution" is undefined in U.S.S.G. § 4B1.2(b) and that the Texas offense of constructive transfer of a controlled substance criminalizes conduct that lies outside of the generic definition of distribution.  He argues that under Texas law, a constructive transfer includes situations in which the transferor does not manually transfer the contraband to the transferee, including situations involving an intermediary and situations in which no actual delivery is completed.  He also argues that under Texas law, a constructive transfer can be accomplished by the administration of a drug to a patient.

Roberts's argument fails, however, because the indictment in his case clearly identifies a transferor, a transferee, an illegal drug, and a completed transaction.  There is no allegation of an intermediary or an uncompleted transaction.  Further, the wording of the indictment leaves no possibility that Roberts was administering a drug.  The indictment thus supports the district court's finding that his prior offense was a controlled substance offense under § 2K2.1(a)(4)(A).  No plain error is shown.  See Gonzales, 484 F.3d at 714.

Roberts also asserts that his 115-month sentence is unreasonable.  This court has held that a sentence within a properly calculated guideline range should be afforded a rebuttable presumption of reasonableness, and the

Supreme Court has upheld the use of this presumption.[1]  Rita v. United States, 127 S. Ct. 2456, 2463-68 (2007); United States v. Alonzo, 435 F.3d 551, 553-54 (5th Cir. 2006).

It is apparent by the district court's consideration of the information in support of the downward-departure motion that the court gave due attention to Roberts's medical condition.  Further, the district court was not bound by either Roberts's own self-serving assessment of the offense, or the compunction of the victim.

AFFIRMED.

---

[1] Although he recognizes the binding nature of this precedent, Roberts maintains that the presumption of reasonableness violates the Sixth Amendment.  Blue brief, 31 n.1; grey brief, 18.  He does so in order to preserve his argument for further review.  Id.