IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 19, 2008

Charles R. Fulbruge III
Clerk

No. 08-20073
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

V.

HECTOR GONZALEZ REYNA

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-166-ALL

Before SMITH, STEWART and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Hector Gonzalez Reyna pleaded guilty without a plea agreement to possession of a firearm by a felon and was sentenced to 120 months of imprisonment and three years of supervised release. Reyna argues that the district court violated the law of the case doctrine and the mandate rule by increasing his base offense level for a prior conviction for a controlled substance offense and calculating the guideline range to be greater than 41 to 51 months. He contends that in his previous appeal, this Court held that the properly

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

calculated guideline range was 41 to 51 months and remanded expressly because it was unclear whether the district court would have imposed a variance of up to 120 months when starting from the correct range as articulated by this Court. He notes that the Government never moved to supplement the record on appeal with any documents pertaining to his 2000 conviction and never moved this Court for rehearing. He argues that this Court should again vacate his sentence and remand for resentencing.

We review de novo a district court's application of the remand order, including whether the law of the case doctrine or mandate rule forecloses the district court's actions on remand. United States v. Pineiro, 470 F.3d 200, 204 (5th Cir. 2006).

In our prior opinion, United States v. Reyna, 243 F. App'x 824, 826 (5th Cir. 2007), we held that "the district court erred in determining, based on the PSR's description of his conduct, that Reyna's prior conviction was a controlled substance offense." We did not purport to limit the ability of the district court to consider other evidence on remand bearing on the issue whether Reyna's prior offense was a controlled substance offense. There is nothing in our mandate which would prohibit the district court from looking at the charging documents and judgment and making a new determination on this issue. The issue arose out of the correction of the sentence by this court in the first appeal. See United States v. Lee, 358 F.3d 315, 320-22 (5th Cir. 2004); United States v. Marmolejo, 139 F.3d 528, 531 (5th Cir. 1998).

The new evidence shows that Reyna pleaded guilty to delivery of cocaine by constructive transfer, which makes the prior conviction a controlled substance offense. See United States v. Roberts, 255 F. App'x 849, 850-51 (5th Cir. 2007), cert. denied, 128 S. Ct. 1728 (2008). The district court did not err in considering the new evidence in determining that the base offense level was 20, yielding a guideline range of 78-97 months.

Reyna argues, alternatively, that the district court once again reversibly erred by enhancing his sentence for a prior conviction for a "controlled substance offense" because his 2000 Texas conviction for delivery of a controlled substance did not qualify as a "controlled substance offense" for another reason he did not raise in the prior appeal or in the district court on remand. Reyna contends that the Sentencing Guidelines define a "controlled substance offense" in part as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year." He argues that, using the analysis called for by a recent Supreme Court opinion, United States v. Rodriguez, 128 S. Ct. 1783 (2008), his prior state offense was not "punishable by imprisonment for a term exceeding one year."

Under the law of the case doctrine, "[t]he only issues on remand properly before the district court are those issues arising out of the correction of the sentence ordered by this court. In short, the resentencing court can consider whatever this court directs-no more, no less. All other issues not arising out of this court's ruling and not raised before the appeals court, which could have been brought in the original appeal, are not proper for reconsideration by the district court below." Marmolejo, 139 F.3d at 531. If an issue not raised in the original appeal is not proper for consideration in the district court on remand, a fortiorari, it is improper for this court to consider it on appeal after remand.

Reyna argues that the law of the case doctrine should not apply because of two exceptions, an intervening change of law by controlling authority and manifest injustice. Although Reyna's plea agreement allowed him to be sentenced to eight months in prison, under Texas law, the offense remains a felony punishable by law for up to two years, even if the offense is sentenced as a misdemeanor. See United States v. Rivera-Perez, 322 F.3d 350, 351-52 (5th Cir. 2003). Reyna argues that Rodriguez, 128 S. Ct. 1783, provides new law which changes the analysis used in Rivera-Perez.

Rodriguez has no bearing on Reyna's case. It is clear from Texas law and the documents in Reyna's state case that he faced the possibility of a sentence up to two years, and he entered into a plea agreement for a sentence of 8 months. His plea agreement does not change the fact that his felony conviction was "an offense under federal or state law, punishable by imprisonment for a term exceeding one year." § 4B1.2(b). The problem in Rodriguez was that it could not be determined from looking at the statute of conviction whether the defendant was subject to the enhanced sentence as a recidivist. 128 S. Ct. at 1791. No such problem exists in this case in determining, by looking at the statutes, that Reyna's offense was punishable by imprisonment for a term exceeding one year. See TEX. HEALTH AND SAFETY CODE ANN. §481.112 (b); TEX. PENAL CODE ANN. § 12.35(a). Reyna has not shown that any exceptions to the law of the case doctrine apply which would allow consideration of his new argument raised for the first time in this second appeal.

Reyna argues that the district court committed reversible error by imposing an unreasonable sentence substantially above the applicable Guideline imprisonment range. Most of his arguments are predicated on the incorrect assumption that his correct guideline range was 41 to 51 months, and those arguments are thus without merit.

Reyna also argues that the district court committed procedural error in violation of Gall v. United States, 128 S. Ct. 586, 596-97 (2007) by failing to adequately explain the sentence it imposed. He contends that the district court failed to explain why a variance up to 120 months was justified. Reyna never raised procedural unreasonableness for failure to articulate reasons in the district court. When a defendant argues for the first time on appeal that the sentence is procedurally unreasonable because the district court failed to adequately explain its reasons for the sentence, appellate review of that issue is for plain error. See United States v. Lopez-Velasquez, 526 F.3d 804, 806 (5th Cir.), cert. denied, 2008 U.S. LEXIS 8728 (U.S. Dec. 1, 2008).

The guideline range was correctly determined by the district court to be 78-97 months. The district court explained that it was varying upward based on the fact that the Sentencing Commission had amended the Guidelines to again provide for a base offense level of 22 for possession of a semiautomatic pistol such as the one Reyna possessed. The district court acknowledged that it could not apply the 2007 version of the Guidelines to determine Reyna's advisory guideline range, but it stated that it could consider the new Guideline in determining whether a non-guideline sentence was appropriate. This is an adequate explanation.

Lastly, Reyna argues that the sentence was unreasonable and excessive because it is well beyond that necessary to comply with the purposes of 18 U.S.C. § 3553(a). Starting with the correct guideline range of 78 to 97 months, and considering the district court's reasons for the upward variance to 120 months, the sentence was reasonable. See Gall, 128 S. Ct. at 597.

AFFIRMED.