# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 23, 2010

Lyle W. Cayce
Clerk

No. 09-20848
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DEREK TODD POWELL,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CR-501-1

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Derek Todd Powell appeals the sentence imposed following his guilty plea conviction of count one, possession with intent to distribute five or more grams of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii), count two, possession of a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A), and count three, felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). The district court imposed a total term of 200 months of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imprisonment, consisting of 140 months of imprisonment on count one, 60 months of imprisonment on count two, and 60 months of imprisonment on count three.   The terms of imprisonment on counts one and three were to run concurrently, while the term of imprisonment on count two was to run consecutively.

Powell argues that the district court erred by sentencing him as a career offender.  He also contends that the district court erred by failing to state the applicable guidelines range and the specific reason for imposing the 200-month sentence, which was below the advisory guidelines range of 262-327 months of imprisonment.  In addition to these arguments, Powell, who is represented by counsel, has provided conclusional assertions regarding disparity in the Guidelines, the drug quantity determination, and his criminal history score. These difficult-to-decipher assertions are inadequately briefed, as Powell has failed to clearly identify a theory with regard to these issues as a proposed basis for deciding the case. *See United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010), *cert. denied*, 2010 WL 2287006 (U.S. Oct. 4, 2010).  Issues regarding disparity in the Guidelines, the drug quantity determination, and Powell's criminal history score are therefore waived.  *See id*.

Regarding Powell's challenge to the career offender enhancement, to the extent that Powell is presenting arguments to this court that differ from the argument that he presented to the district court, plain error review governs this issue. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007); *United States v. Green*, 324 F.3d 375, 381 (5th Cir. 2003).   Nonetheless, it is not necessary for this court to determine whether the plain error standard of review is applicable, as Powell's argument fails to demonstrate error in the district court's decision under the de novo standard of review.  *See United States v. Gutierrez-Ramirez*, 405 F.3d 352, 355-56 (5th Cir. 2005).

Post-*United States v. Booker*, 543 U.S. 220 (2005), although the Guidelines are advisory, the district court must still properly calculate the guidelines range

of imprisonment. *Gall v. United States*, 552 U.S. 38, 52-53 (2007); *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). The career offender enhancement pursuant to U.S.S.G. § 4B1.1(a) applies if, inter alia, the defendant has at least two prior felony convictions for either a crime of violence or a controlled substance offense. A controlled substance offense within the meaning of § 4B1.1(a)(3) is an offense that, inter alia, prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance. § 4B1.2(b). A prior controlled substance offense qualifies as one of the two predicate "prior felony convictions" under § 4B1.1(a)(3) if the offense was "punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense [was] specifically designated as a felony and regardless of the actual sentence imposed." § 4B1.2, comment. (n.1).

Powell submitted a Texas state criminal complaint and judgment of conviction that establish that in 2006 he was convicted in Texas state court of delivery of less that one gram of cocaine by constructive transfer, an offense that was a state jail felony that was punishable for a term that exceeded one year. TEX. HEALTH & SAFETY CODE ANN. 481.112(a); TEX. PENAL CODE ANN. § 12.35(a). Although the state sentencing court exercised discretion and sentenced Powell at the misdemeanor level pursuant to TEX. PENAL CODE ANN § 12.44(a) and TEX. PENAL CODE ANN. § 12.21(2), Powell's offense is nonetheless considered a prior felony conviction for purposes of § 4B1.1(a). *See* § 4B1.2, comment. (n.1); *United States v. Harrimon*, 568 F.3d 531, 534 n.3 (5th Cir.), *cert. denied*, 130 S. Ct. 1015 (2009); *United States v. Rivera-Perez*, 322 F.3d 350, 351-52 (5th Cir. 2003). Also, Powell pleaded guilty to, and was convicted of, delivery of cocaine by constructive transfer. *See United States v. Gonzales*, 484 F.3d 712, 714 (5th Cir. 2007). "The actual or constructive transfer of a controlled substance is rationally understood to be distribution, which is specifically included in the definition of a controlled substance offense set forth in § 4B1.2." *United States v. Roberts*, 255 F. App'x 849, 851 (5th Cir. 2007). For the foregoing reasons, the district court did not err

when it applied the career offender enhancement in its calculation of Powell's offense level.

Regarding Powell's assertion that the district court did not comply with 18 U.S.C. § 3553(c)(2) when it failed to state at sentencing the applicable guidelines range and the specific reason for imposing the 200-month sentence, as Powell did not make this argument in the district court, plain error review governs this issue. *Peltier*, 505 F.3d at 391-92. However, to the extent that Powell is challenging the lack of reasons in the written judgment, Powell did not have an opportunity to object to the written judgment. The abuse of discretion standard is therefore applicable to Powell's challenge to the written judgment. *See United States v. Warden*, 291 F.3d 363, 365 n.1 (5th Cir. 2002).

The sentencing hearing transcript, written judgment, and statement of reasons, together provide details of the district court's rulings on Powell's objections to the presentence report, its adoption of the presentence report, its determination that the Guidelines resulted in an advisory range of 262 to 327 months of imprisonment, and its rationale for imposing a 200-month, nonguidelines sentence. The district court sufficiently complied with § 3553(c)(2), *see United States v. Gonzalez*, 445 F.3d 815, 819-20 (5th Cir. 2006), and Powell's conclusional assertions regarding this issue do not demonstrate otherwise.

For the foregoing reasons, the judgment of the district court is AFFIRMED.