# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 15, 2012

No. 11-10665
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KIM JOE GRAVES, also known as K-Rock,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CR-82-4

Before WIENER, GARZA,  and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Kim Joe Graves appeals the sentence imposed on resentencing for his conviction for conspiracy to possess with intent to distribute and to distribute 50 grams or more of a controlled substance.  We affirm.

Graves first contends that the district court erred by applying the career offender enhancement under U.S.S.G. § 4B1.1.  We review that court's application of the Guidelines de novo and review its factual findings are

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reviewed for clear error. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Under § 4B1.1, a defendant is a career offender if, *inter alia*, "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." § 4B1.1(a). The instant dispute turns on whether Graves's 1999 Texas conviction for delivery of a controlled substance qualifies as a predicate offense for the career offender enhancement by constituting a "controlled substance offense" under § 4B1.1(a). *See* § 4B1.2(b) (defining "controlled substance offense" for purposes of § 4B1.1).

The charging document and judgment for that conviction were admitted into evidence at Graves's resentencing. The charging document indicates that Graves "intentionally and knowingly deliver[ed] by actual and constructive transfer to L. O. Beals a controlled substance, namely cocaine." Graves contends that the charging document demonstrates that his conviction could have been based merely on a constructive transfer of cocaine and that his case is governed by *United States v. Gonzales*, 484 F.3d 712, 714-16 (5th Cir. 2007), because a constructive transfer encompasses a mere offer to sell.

His contention is unavailing. "The actual or constructive transfer of a controlled substance is rationally understood to be distribution, which is specifically included in the definition of a controlled substance offense set forth in § 4B1.2." *United States v. Roberts*, 255 F. App'x 849, 851 (5th Cir. 2007). As Graves's charging document indicates that he delivered the controlled substance through actual or constructive delivery, and was not merely an offer to sell, the district court did not err in determining that the conviction in dispute constituted a controlled substance offense under § 4B1.1(a). *See id.*

Graves also claims that the district court erred on resentencing by refusing to consider the merits of his objections and arguments apart from the career offender enhancement. "Whether the law of the case doctrine foreclosed the district court's exercise of discretion on remand and the interpretation of the

scope of this court's remand order present questions of law that this court reviews *de novo.*" *United States v. Lee*, 358 F.3d 315, 320 (5th Cir. 2004). Ordinarily, under the law of the case doctrine, "an issue of fact or law decided on appeal may not be reexamined either by the district court on remand or by the appellate court on subsequent appeal." *Id.* (internal quotation marks and citation omitted). The mandate rule is "a specific application of the general doctrine of law of the case." *Id.* at 321 (internal quotation marks and citation omitted). "Absent exceptional circumstances, the mandate rule compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court." *Id.*

Graves has not briefed any contention regarding the applicability of, or any exception to, the law of the case doctrine or the mandate rule. *See United States v. Edwards*, 303 F.3d 606, 647 (5th Cir. 2002) (recognizing that issues not briefed are waived). Thus, he has not demonstrated any error regarding the extent of the district court's consideration of the sentencing issues that he raised on resentencing.

AFFIRMED.