# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 4, 2013

Lyle W. Cayce
Clerk

No. 12-10453
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ELDON ROY FOBBS, also known as Homicide, also known as Eldon Ray Fobbs,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-169-1

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Eldon Roy Fobbs pleaded guilty to one count of possession with intent to distribute cocaine. He was deemed a career offender and sentenced to 210 months in prison, above the advisory maximum of 188 months. The court characterized the sentence as a variance under 18 U.S.C. § 3553(a) or a departure based on § 4A1.3 of the Guidelines.

Fobbs first contends that his Texas conviction for delivery of a controlled substance does not support his career offender enhancement because is not a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"controlled substance offense" as defined by the Guidelines. Although the Texas offense may not be a controlled substance offense in some cases because it penalizes an offer to sell, Fobbs's indictment charged that he constructively transferred a controlled substance. Constructive transfer requires a greater showing of culpability than offering to sell. *See Stewart v. State*, 718 S.W.2d. 286, 288 (Tex. Crim. App. 1986). Accordingly, constructive transfer is within the relevant definition of a controlled substance offense. *United States v. Roberts*, 255 F. App'x 849, 851 (5th Cir. 2007).

In addition, Fobbs contends that his prior Texas offense of robbery by threats was not a "crime of violence" because it does not have "as an element the use or threatened use of physical force." A conviction under Texas Penal Code § 29.02(a)(2), which includes robbery by threats, is the enumerated offense of robbery under the Guidelines. *United States v. Santiesteban-Hernandez*, 469 F.3d 376, 378-81 (5th Cir. 2006); *see United States v. Flores-Vasquez*, 641 F.3d 667, 671 n.1 (5th Cir. 2011). We therefore need not consider whether the offense presents a risk of physical injury or has force as an element. *See United States v. Rayo-Valdez*, 302 F.3d 314, 317-18 (5th Cir. 2002).

We review for plain error Fobbs's assertions that the district court considered improper factors in choosing his sentence. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). Fobbs's unscored convictions and prior lenient sentences were proper grounds for his sentence above the Guidelines. *See United States v. Zuniga-Peralta*, 442 F.3d 345, 347-48 (5th Cir. 2006); *United States v. Lee*, 358 F.3d 315, 328-29 (5th Cir. 2004); § 3553(a)(1) & (2). Similarly, Fobbs does not show that the court's mention of his total number of adult convictions in the Statement of Reasons for the sentence was an impermissible double-counting of the convictions used to establish career offender status. *See United States v. Calbat*, 266 F.3d 358, 364 (5th Cir.2001) (holding that double-counting is prohibited only if expressly forbidden).

No. 12-10453

The district court did not commit any error by considering two Texas offenses for which Fobbs entered pleas in bar. By entering pleas in bar under Texas Penal Code § 12.45, Fobbs admitted his guilt of the offenses, even though he was not adjudged guilty. *See Hilburn v. State*, 946 S.W.2d 885, 886 (Tex. Ct. App. 1997). The admitted conduct was properly considered by the district court. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008); § 4A1.3(a)(2)(E).

Fobbs argues that the 210-month sentence was too long. We defer to the district court's decision that the § 3553(a) factors justify the extent of the upward variance. *Gall v. United States*, 552 U.S. 38, 51 (2007). Fobbs's arguments amount to a mere disagreement with the district court and do not warrant reversal. *See id.*

The judgment of the district court is AFFIRMED.