# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2072
_____

United States of America

*Plaintiff - Appellee*

v.

Antonio Donnel Johnson, also known as Pig

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: April 12, 2021
Filed: July 7, 2021
[Unpublished]
_____

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Antonio D. Johnson pled guilty to unlawfully possessing a firearm in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(9), and 924(a)(2). The district court[1] sentenced

_____

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

him to 60 months in prison. He appeals his conviction. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

The district court set Johnson's base offense level at 20 pursuant to U.S.S.G. § 2K2.1(a)(4)(A) because he had a prior "controlled substance offense" for possessing marijuana with intent to deliver, in violation of Iowa Code §§ 124.401(1)(d) and 124.204(m). The guidelines range was 70 to 87 months. The court varied downward, sentencing Johnson to 60 months.

Johnson believes his Iowa conviction is not a controlled substance offense. This court reviews de novo. *See United States v. Williams,* 926 F.3d 966, 969 (8th Cir. 2019). There is no merit to this argument. A "controlled substance offense" is a state or federal offense, punishable by imprisonment for a term exceeding one year, that prohibits, among other things, the manufacture or distribution of a "controlled substance." U.S.S.G. § 4B1.2(b). The offense includes "aiding and abetting, conspiring, and attempting to commit such offenses." *Id*., comment. (n.1).

Johnson argues the Iowa statue is overbroad because it includes aiding, abetting, conspiracy, and attempt. Eighth Circuit precedent precludes this argument. This court has held that "U.S.S.G. § 4B1.2, comment. (n.1), is a reasonable interpretation of the career offender guidelines that is well within the Sentencing Commission's statutory authority." *United States v. Mendoza-Figueroa*, 65 F.3d 691, 694 (8th Cir. 1995). *See United States v. Garcia*, 946 F.3d 413, 417 (8th Cir. 2019) (holding that a prior conviction for aiding and abetting the distribution of meth is a controlled substance offense). This court also has held a conviction under Iowa Code § 124.401(1)(d) is a controlled substance offense. *See United States v. Clayborn*, 951 F.3d 937, 940 (8th Cir. 2020) (rejecting the argument that a conviction under Iowa Code § 124.401(1)(d) is overbroad because it includes aiding, abetting, and conspiring).

The district court did not err in finding Johnson had a prior controlled substance offense.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____