Robert YOUNG, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 90–7050.

United States Court of Appeals, Eleventh Circuit.

July 23, 1991.

Robert Young, Talladega, Ala., John R. Galvin, Birmingham, Ala., for petitioner-appellant.

Frank W. Donaldson, U.S. Atty., John E. Ott, Dept. of Justice, Birmingham, Ala., for respondent-appellee.

Before JOHNSON and COX, Circuit Judges, and MORGAN, Senior Circuit Judge.

COX, Circuit Judge:

## I. FACTS AND PROCEDURAL HISTORY

A confidential informant notified the Birmingham, Alabama police department that a package to be delivered by Federal Express to Katy McKinney on March 2, 1989, contained Dilaudid tablets. Dilaudid tablets contain hydromorphone, a Schedule II controlled substance. The confidential source also informed the Birmingham police that Robert Young was to pick up the package that day.

On March 2, the Birmingham police observed a Federal Express employee deliver a package to McKinney's residence. At about 11:30 A.M., Young went to McKinney's house and picked up the package containing the Dilaudid tablets. The police followed Young for a short distance and then stopped him. The police discovered the Dilaudid tablets on the front seat of Young's car.

A two-count indictment charged Young with possessing Dilaudid with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and using a communication facility to facili-

tate a felony, in violation of 21 U.S.C. § 843(b). Young pleaded guilty to both counts pursuant to a plea agreement with the government.

The Presentence Investigation Report (PSI) initially calculated Young's base offense level under the Sentencing Guidelines as twelve.[1] The PSI then adjusted the offense level upward two points for Young's role in the offense but also adjusted it downward two points for Young's acceptance of responsibility, so that the offense level after these adjustments remained at twelve. The PSI then calculated Young's criminal history category. The PSI determined that Young had four prior convictions for guideline purposes and was on state parole at the time of the current offense. Based on these facts, the PSI gave Young eight criminal history points, which resulted in a criminal history category of IV. This combination of offense level and criminal history category resulted in a Guidelines sentencing range of 21 to 27 months imprisonment.

The PSI, however, went on to classify Young as a career offender under section 4B1.1 of the Guidelines. The PSI concluded that Young's instant offense was a controlled substance offense as defined in section 4B1.2(2) of the Guidelines; that he was over eighteen years old at the time of the instant offense; and that he had two prior convictions for controlled substance offenses, both for using a forged prescription to attempt to obtain controlled substances. The PSI gave Young, as a career offender, an offense level of thirty-four and a criminal history category of VI pursuant to section 4B1.1 of the Guidelines. This combination resulted in a Guidelines sentencing range of 262 to 327 months imprisonment. Young did not file a written objection to the PSI's conclusion that he was a career offender.

At sentencing the trial court agreed with the PSI's classification of Young as a career offender and therefore enhanced both Young's offense level and criminal history

---

1. Because Young committed his offenses after November 1, 1987, he was sentenced under the

United States Sentencing Guidelines.

category, so that the recommended sentencing range was 262 to 327 months of imprisonment. The court, however, departed downward from the recommended range and imposed a 140–month custody sentence. As the basis for the downward departure the court reasoned that although Young did have two prior drug convictions, the convictions were "substantially less severe than what the Sentencing Commission contemplated would be the type underlying drug convictions that would justify the high Guidelines Range of a Career Offender ... and particularly in view of the fact that Mr. Ott has indicated you have been cooperating with them [the Government].... " R.1–9A–19. At sentencing, Young did not object to the PSI's conclusion that his prior convictions were controlled substance offenses under section 4B1.2(2). After sentencing, Young moved the court to reconsider his sentence; the court denied the request.

Young did not directly appeal his sentence, but instead filed a 28 U.S.C. § 2255 motion in the district court. That court denied the motion, holding that (1) the Government need not follow the notice requirements of 21 U.S.C. § 851(a)(1) in order to classify a defendant as a career offender and enhance his sentence under the Guidelines, and (2) Young's two prior drug convictions were controlled substance offenses as defined in section 4B1.2(2) of the Guidelines. Young appeals the denial of relief.

## II. CONTENTIONS ON APPEAL

Young raises on appeal the same two arguments he raised in the district court. First, he argues that the district court could not use his prior convictions to enhance his sentence by classifying him as a career offender under the Guidelines because the Government did not follow the notice requirements in 21 U.S.C. § 851(a)(1) by filing, prior to the time of his plea, an information listing the prior convictions to be used in enhancing his sentence. Second,

Young argues that his two prior convictions for attempting to obtain controlled substances by using a forged prescription are not controlled substance offenses as defined in section 4B1.2(2) of the Guidelines and therefore he was improperly classified as a career offender.

## III. DISCUSSION

■■■ We will first address Young's argument that the Government was required to comply with the notice requirement found in 21 U.S.C. § 851(a)(1) before Young's prior convictions could be used to classify him as a career offender and enhance his sentence under the Guidelines.[2] This circuit has not yet decided this issue, but other circuits have expressly rejected Young's argument. The Eighth Circuit, in *United States v. Wallace*, 895 F.2d 487 (8th Cir. 1990), rejected Young's argument. The *Wallace* court stated that "[c]ongress enacted section 851(a)(1) and the procedure for filing an information to protect defendants from receiving increased *statutory* sentences set forth in part D of the Act resulting from prior incorrectly charged offenses ... and to give defendants the opportunity to show that they were not the persons convicted." *Id.* at 489 (emphasis in original), (citations omitted).

The *Wallace* court noted that the Guidelines became effective after section 851(a)(1) was passed and the Guidelines do not contain a provision like section 851 requiring the Government to file an information before relying upon a defendant's prior convictions to enhance his Guideline sentence. *Id.* at 490. The court held that the Government only need follow the notice requirements of section 851 when it intends to enhance a defendant's *statutory* minimum or maximum penalty. *Id.* The court further held that the Government does not have to follow the notice requirements of section 851 when a defendant receives an enhanced sentence as a career offender

---

**2.** Young failed to file a written objection or object at sentencing to the PSI's conclusion that his prior convictions were controlled substance offenses or object at sentencing to the Government's use of his prior convictions without hav-

ing followed the notice requirements of 21 U.S.C. § 851(a)(1). The Government, however, does not argue that his failure to object bars review.

under the Guidelines, so long as the enhanced sentence is still with the permissible statutory range. *Id.*

The other circuits that have dealt with this issue have agreed with the *Wallace* court's holding. *See United States v. Novey,* 922 F.2d 624, 627–28 (10th Cir.1991); *United States v. Sanchez,* 917 F.2d 607, 616 (1st Cir.1990), *cert. denied,* — U.S. ——, 111 S.Ct. 1625, 113 L.Ed.2d 722 (1991); *United States v. Marshall,* 910 F.2d 1241, 1245 (5th Cir.1990), *cert. denied,* — U.S. ——, 111 S.Ct. 976, 112 L.Ed.2d 1061 (1991). We agree with the *Wallace* court and these other circuits; the Government does not have to follow the notice requirements of section 851 in order to use a defendant's prior convictions to enhance his sentence under the Guidelines as a career offender, so long as the enhanced sentence still falls within the permissible statutory range.

 Next Young argues that the trial court incorrectly concluded that he had two prior controlled substance offenses and thus improperly sentenced him as a career offender under the Guidelines.

The Guidelines classify a defendant as a career offender if:

1) the defendant was at least eighteen years old at the time of the instant offense,

2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and

3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Sentencing Guidelines § 4B1.1 (June 1988). The parties do not dispute that the Government satisfied its burden regarding the first and second requirements of section 4B1.1. The issue on appeal is whether Young has two prior convictions for controlled substance offenses as defined by section 4B1.2(2).

We begin our analysis by noting that the Government has the burden at sentencing to prove that Young has two prior convictions for controlled substance offenses as defined in section 4B1.2(2) in order to classify Young as a career offender and enhance his sentence under the Guidelines. *United States v. Howard,* 923 F.2d 1500, 1503 (11th Cir.1991). At the time of Young's current offense and at the time of his sentencing the Guidelines defined a controlled substance offense as "an offense identified in 21 U.S.C. §§ 841, 845b, 856, 952(a), 955, 955a, 959, and similar offenses." [3] Sentencing Guidelines § 4B1.2(2) (June 1988). The commentary to this section provided that a

[c]ontrolled substance offense includes any federal or state offense that is substantially similar to any of those listed in subsection (2) of the guideline. These offenses include manufacturing, importing, distributing, dispensing, or possessing with the intent to manufacture, import, distribute, or dispense, a controlled substance ... This definition also includes aiding and abetting, conspiring, or attempting to commit such offenses, and other offenses that are substantially equivalent to the offenses listed.

*Id.* (commentary note 2).[4]

Because Young's prior convictions are state convictions, we must determine whether these convictions are "substantially similar to any of [the offenses] listed in subsection (2) of the guideline" or "are substantially equivalent to the offenses listed." It is clear that the Guidelines and accompanying commentary attempt to limit significantly the type of drug offenses that can be used to classify a defendant as a career offender. The listed offenses are all drug *trafficking* crimes. This court re-

---

**3.** Section 4B1.2(2) was subsequently amended in November, 1989 so that it now provides that "[t]he term 'controlled substance offense' means an offense under a federal or state law prohibiting the manufacture, import, export, or distribution of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or counterfeit substance) with the intent to manufacture, import, export or distribute." Sentencing Guidelines § 4B1.2(2) (November 1989).

**4.** We note that the November 1989 amendments to the Guidelines removed this commentary entirely.

cently stated that "[b]ecause the guidelines' treatment of such offenders is quite severe, the guidelines deliberately limit that status to a narrowly-defined category of defendants." *United States v. Delvecchio*, 920 F.2d 810, 814 (11th Cir.1991) (footnote omitted). The narrowly-defined category of defendants subject to sentence enhancement are defendants with prior drug trafficking convictions. Section 4B1.-2(2) lists several specific Title 21 offenses that can be used to enhance a sentence. If the Sentencing Commission had intended to include other non-trafficking Title 21 offenses they easily could have done so, but specifically chose not to. The conclusion that enhancement under the career offender provision is limited to defendants with prior drug trafficking convictions is supported by the fact that Congress had already provided for sentence enhancement under 21 U.S.C. § 841(b). This statutory enhancement provision allows the Government to enhance the sentence of a defendant who has a prior felony conviction for *any* Title 21 offense.

The PSI reflects that Young has the following relevant prior criminal convictions:

| Date of Arrest | Charge/Agency | Date Sentence Imposed/ Disposition |
|---|---|---|
| 8/12/81 | VUACSA; Forged Prescriptions Talladega County Circuit Court Talladega, Alabama CC–82–19, CC–82–20 | 10/27/82; Convicted as an Adult; 6 Years Suspended; 5 Years Probation each Count Concurrent |
| 1/8/83 | VUACSA; Forged Prescriptions Jefferson County Circuit Court Birmingham, Alabama CC 84–475 | 3/26/84; Convicted as an Adult; 10 Years State Prison—Paroled 2/10/86, Expires 2/4/94 |

Presentence Investigation Report at 4.

---

The Government argues that Young was convicted for using a forged prescription to attempt to obtain controlled substances and that this offense is "substantially similar" or "substantially equivalent" to the offenses listed in section 4B1.2(2).[5] Young was convicted under the now-repealed Alabama Controlled Substance Act, Ala.Code § 20–2–70 (1975) (repealed). That section provides that

> any person who possesses, sells, furnishes, gives away, obtains or attempts to obtain by fraud, deceit, misrepresentation or subterfuge or by the forgery or alteration of a prescription or written order or by the concealment of material fact or by use of false name or giving a false address controlled substances enumerated in schedules I, II, III, IV and V is guilty of a felony....

Ala.Code § 20–2–70 (1975) (repealed).

The PSI indicates only that Young was convicted under the statute for "Forged Prescriptions." There is no other information in the PSI regarding these convictions. At sentencing Young stated that the Talladega County conviction was for "passing forged prescriptions. There was nothing obtained, though. It was a case where a prescription was just left in the drug

---

**5.** We note that federal law, 21 U.S.C. § 843(a)(2), also prohibits the conduct underlying Young's two state convictions at issue in this case; section 843(a)(2), however, is not included among the offenses listed in section 4B1.2(2).

store." R.1–9A–19. Young stated that the Jefferson County conviction was also for a prescription left at a drug store. *Id.* Young argues on this appeal that he did not obtain any drugs from either of the forged prescriptions. Young's statement at sentencing was to that effect and there is no evidence to the contrary in the record. There is no evidence in the record as to the quantity of drugs that Young attempted to obtain with either of the forged prescriptions.

In determining whether Young's drug convictions are "substantially similar" or "substantially equivalent" to the offenses listed in section 4B1.2(2), the Government argues that we should give the phrase substantially similar a very broad inclusive meaning so that any offense that may be used for statutory enhancement under 21 U.S.C. § 841(b)(1)(C) is substantially similar to the offenses listed in section 4B1.2(2).[6] This interpretation would effectively rewrite section 4B1.2(2). If the Sentencing Commission had intended sentence enhancement for such a broad range of prior crimes they would not have specifically listed the offenses that could be used but instead would have included a provision similar to the one in section 841. We, therefore, reject the Government's argument.

We instead adopt the approach taken by other circuits in determining if a prior conviction is substantially similar to the listed offenses; a court must compare the elements of the prior conviction with the elements of the offenses listed in section 4B1.2(2). *United States v. Brown,* 903 F.2d 540, 543 (8th Cir.1990); *United States v. Cruz,* 882 F.2d 922, 924 (5th Cir.1989). If the state conviction contains an element which is substantially similar to the trafficking element in the listed offenses then the prior conviction is substantially similar to the listed offenses and is a controlled substance offense under section 4B1.2(2). *Brown,* 903 F.2d at 540.

We again note that the Government bears the burden of proving that the defendant's prior convictions are controlled substance offenses under section 4B1.2(2). *United States v. Howard,* 923 F.2d 1500, 1503 (11th Cir.1991). The record in this case does not contain the state indictment for either of Young's prior offenses. The Government concedes that Young was convicted of attempting to obtain by the use of a forged prescription controlled substances. Appellee's Brief at 14. Conviction for this offense would require proof, first, that Young attempted to obtain controlled substances by using a prescription and second, the prescription was forged. The offense does not contain an element that is similar to the trafficking element in the listed offenses. We therefore conclude that Young's prior offenses are not controlled substance offenses as defined in section 4B1.2(2) and that the district court erred in classifying Young as a career offender.

We VACATE Young's sentence and REMAND with instructions that Young be resentenced consistent with this opinion.

### VACATED AND REMANDED.

---

**6.** 21 U.S.C. § 841(b)(1)(C) provides for statutory enhancement if the defendant has "one or more prior convictions for an offense punishable under this paragraph, or for a felony under any other provision of this subchapter or subchapter II of this chapter or other law of a State, the United States, or a foreign country relating to narcotic drugs, marihuana, or depressant or stimulant substances...." 21 U.S.C. § 841(b)(1)(C) (West Supp.1990).