955 F.2d 42
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frank DANIELS, Defendant-Appellant.
 No. 91-7057.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 24, 1991.
Decided Feb. 24, 1992.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden, II, Chief District Judge. (CR-89-199-2)
 Frank Daniels, appellant pro se.
 John Kirk Brandfass, Office of the United States Attorney, Charleston, W.Va., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before PHILLIPS and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Frank Daniels appeals from a district court order denying his Fed.R.Crim.P. 35(a) motion to correct or modify his criminal sentence. The district court concluded correctly that it lacked jurisdiction to correct a criminal sentence except upon remand from this Court. Fed.R.Crim.P. 35(a). Daniels' motion may, however, be construed as a post-conviction challenge pursuant to 28 U.S.C. § 2255 (1988). See United States v. Santora, 711 F.2d 41 (5th Cir.1983). So construed, the motion is nevertheless without merit because the district court properly sentenced Daniels. Accordingly, we affirm.
 
 
 2
 Daniels was indicted on two counts for violations of the Controlled Substances Act, 21 U.S.C.A. §§ 801-904 (West 1981 & Supp.1991): (1) conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 846 (1988) and (2) distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1) (1988). He pled guilty to Count Two in exchange for dismissal of Count One. The Government did not notify Daniels that his sentence could be enhanced based upon his past convictions.[1] Because of those convictions, Daniels qualified as a career offender under the federal sentencing guidelines, which placed him in a higher sentencing range.[2] In March 1990, the district court sentenced him to 168 months in prison and three years of supervised release.
 
 
 3
 Under 21 U.S.C. § 851(a)(1) (1988), Daniels claims that because the Government did not file an information regarding his past felony convictions relied on at sentencing, the sentence was improperly enhanced. However, several circuits have concluded that notice pursuant to 21 U.S.C. § 851(a)(1) is required only where the defendant's statutory minimum or maximum penalty under Part D of the Controlled Substances Act is sought to be enhanced--not where a defendant's criminal history is used to increase his sentence under the guidelines as a career offender. Young v. United States, 936 F.2d 533, 536 (11th Cir.1991); United States v. Novey, 922 F.2d 624, 628 (10th Cir.), cert. denied, 59 U.S.L.W. 3850 (U.S.1991); United States v. McDougherty, 920 F.2d 569, 574 (9th Cir.1990), cert. denied, 59 U.S.L.W. 3599 (U.S.1991); United States v. Sanchez, 917 F.2d 607, 616 (1st Cir.1990), cert. denied, 59 U.S.L.W. 3724 (U.S.1991); United States v. Marshall, 910 F.2d 1241, 1245 (5th Cir.1990), cert. denied, 59 U.S.L.W. 3562 (U.S.1991); United States v. Wallace, 895 F.2d 487, 490 (8th Cir.1990). We will follow the approach of those courts.
 
 
 4
 The statutory penalty for Daniels' crime, without enhancement for prior convictions, is a maximum of twenty years in prison. 21 U.S.C.A. § 841(b)(1)(C) (West Supp.1991); 21 C.F.R. § 1308.12(b)(4) (1991). Daniels received 168 months under the guidelines. Because the statutory penalty was not enhanced by virtue of his prior convictions, § 851 notice was unnecessary.
 
 
 5
 Accordingly, we modify the judgment of the district court to reflect, in addition to the reasons stated by the district court for denying Rule 35 relief, a denial of § 2255 relief on the merits. We affirm the judgment as modified. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED AS MODIFIED.
 
 
 
 [1]
 Daniels' criminal history included two felony convictions for crimes of violence
 
 
 [2]
 Guideline section 4B1.1, at the time Daniels was sentenced and now, establishes that a defendant must meet three criteria to be considered a career offender:
 (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.
 United States Sentencing Commission, Guidelines Manual, § 4B1.1 (Nov. 1990). Daniels fits the definition because he was over eighteen when he committed the instant controlled substance offense and had two prior felony convictions for crimes of violence.