23 F.3d 403
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Tony BRIDGES, Defendant-Appellant.
 No. 92-5576.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 29, 1994.
Decided: May 4, 1994.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., District Judge. (CR-92-13).
 W. Michael Frazier, Frazier & Oxley, L.C., Huntington, WV, for appellant.
 Thomas O. Mucklow, Asst. U.S. Atty., Wheeling, WV, for appellee.
 N.D.W.Va.
 AFFIRMED.
 Before HAMILTON, LUTTIG, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Tony Bridges pled guilty to aiding and abetting the distribution of crack cocaine within 1000 feet of a school, in violation of 21 U.S.C. Sec. 841(a)(1) (1988), 21 U.S.C.A. Sec. 860 (West Supp.1993). Bridges was sentenced to 168 months imprisonment and a $10,000 fine, to be followed by twelve years of supervised release. New counsel was appointed to represent Bridges on appeal. Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising one issue but indicating that, in his view, there are no meritorious issues for appeal. Bridges, informed of his right to file a supplemental pro se brief, has not done so.
 
 
 2
 Because of two prior felonies involving controlled substances, Bridges was sentenced as a career offender. United States Sentencing Commission, Guidelines Manual, Sec. 4B1.1 (Nov.1991). Bridges's counsel raises the claim that Bridges should not have been subject to an enhanced sentence because the government failed to file an information pursuant to 21 U.S.C. Sec. 851(a)(1) (1988). Counsel concedes that the weight of authority is against him on this issue.
 
 
 3
 Indeed, every circuit that has addressed the issue has held that a pretrial information is not a necessary prerequisite to sentence enhancement under section 4B1.1. United States v. Day, 969 F.2d 39, 48 (3d Cir.1992); United States v. Koller, 956 F.2d 1408, 1417 (7th Cir.1992); United States v. Meyers, 952 F.2d 914, 917-19 (6th Cir.), cert. denied, 60 U.S.L.W. 3717 (U.S.1992); United States v. Whitaker, 938 F.2d 1551, 1552 (2d Cir.1991) (per curiam), cert. denied, 60 U.S.L.W. 3520 (U.S.1992); Young v. United States, 936 F.2d 533, 535-36 (11th Cir.1991); United States v. Novey, 922 F.2d 624, 627-29 (10th Cir.), cert. denied, 59 U.S.L.W. 3850 (U.S.1991); United States v. McDougherty, 920 F.2d 569, 574 (9th Cir.1990), cert. denied, 499 U.S. 911 (1991); United States v. Sanchez, 917 F.2d 607, 616 (1st Cir.1990), cert. denied, 499 U.S. 977 (1991); United States v. Marshall, 910 F.2d 1241, 1244-45 (5th Cir.1990), cert. denied, 498 U.S. 1092 (1991); United States v. Wallace, 895 F.2d 487, 489-90 (8th Cir.1990). The Fourth Circuit has reached the same result in two unpublished cases. See United States v. Breckenridge, No. 91-5341 (4th Cir. Aug. 14, 1992) (unpublished); United States v. Daniels, No. 91-7057 (4th Cir. Feb. 24, 1992) (unpublished) (enclosed). Therefore, this claim is without merit.*
 
 
 4
 A thorough review of the record demonstrates that the district court properly accepted Bridges's guilty plea and sentenced him according to the sentencing guidelines. In accordance with the requirements of Anders, we have independently examined the entire record in this case and find no meritorious issues for appeal. We therefore affirm Bridges's conviction and sentence. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C. Sec. 3006A), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari.
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.
 
 
 6
 AFFIRMED.
 
 
 
 *
 We also note that Bridges waived appellate review of his sentence except for plain error because he did not object to his sentence in the district court. See United States v. Davis, 954 F.2d 182, 186-87 (4th Cir.1992); Fed.R.Crim.P. 52(b). We find no plain error. See United States v. Olano, 61 U.S.L.W. 4421, 4424 (U.S.1993)