[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 26, 2012
JOHN LEY
CLERK

_____

No. 11-10486
Non-Argument Calendar

_____

D.C. Docket Nos. 1:10-cv-23870-WPD,
1:99-cr-00003-WPD-14

JULIUS STEVENS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 26, 2012)

Before TJOFLAT, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Julius Stevens, a federal prisoner, appeals the district court's dismissal of

his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. The district court granted him a certificate of appealability ("COA") as to the following issue: "[W]hether 'actual innocence' applies to a career offender sentence that has been final for nine years after a plea agreement that waived an appeal."

## I.

Stevens pled guilty in 1999 to conspiracy to possess with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1). The offense involved at least 50 grams of crack cocaine. He was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1 to 262 months' imprisonment. In 2001, we dismissed his direct appeal on the ground that his plea agreement included a valid and enforceable appeal waiver.[1]

In October 2010, Stevens filed *pro se* a § 2255 motion to vacate, in which he claimed that he was actually innocent of the career-offender designation. One of the predicate offenses for the designation was his conviction in Florida state court for possession of cannabis. He asserted that the U.S. Supreme Court case *Salinas v. United States*, 547 U.S. 188, 126 S.Ct. 1675, 164 L.Ed.2d 364 (2006), had clarified that a simple possession offense cannot be used as a predicate

---

[1] The plea agreement waived only Stevens's right to appeal his sentence, not his right to pursue a collateral attack.

"controlled substance offense" for career-offender designation. Thus, he argued that he had never been a career offender and that he was actually innocent of the career-offender designation. He further contended that he had not raised this claim at sentencing because *Salinas* was not available at that time and that his actual-innocence claim could overcome the procedural default and the untimeliness of his § 2255 motion.

The government responded that (1) Stevens's motion was time-barred, as his conviction had become final in 2001 and the *Salinas* decision had been issued in 2006; (2) the claim was procedurally barred because he had not raised it at sentencing or alleged cause and prejudice or a fundamental miscarriage of justice that would excuse the default; and (3) the claim was without merit because *Salinas* had not been given retroactive effect.

The district court acknowledged that Stevens's prior conviction might not support the career-offender designation, but it found that Stevens had procedurally defaulted the claim by failing to raise it at sentencing or by timely filing his § 2255 motion. It noted that *Salinas* had not been given retroactive effect, that this Court had yet to hold that an "actual innocence" argument could apply to a career-offender designation, and that he had not alleged other grounds for equitable tolling. Accordingly, it dismissed the § 2255 motion as time-barred.

3

Stevens timely moved for reconsideration. The court denied reconsideration but granted Stevens's motion for a COA.

## II.

In a § 2255 proceeding, we review questions of law *de novo* and factual findings for clear error. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). Relief under § 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised [o]n direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn*, 365 F.3d at 1232 (quotation marks omitted). If the defendant could have raised a challenge to his sentence during the criminal proceedings but did not do so, he is procedurally barred from raising it in a § 2255 motion unless he can show cause and prejudice for the default or actual innocence. *Id.* at 1234.

A § 2255 motion must be filed within one year of the date on which the judgment of conviction became final, "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," or other events not applicable here. 28 U.S.C. § 2255(f). The limitations period may be equitably tolled "if [the movant] shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood

4

in his way and prevented timely filing." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir.), *cert. denied*, 132 S.Ct. 158 (2011) (quotation marks omitted).  A court also may consider an untimely § 2255 motion "if, by refusing to consider the [motion] for untimeliness, the court thereby would endorse a 'fundamental miscarriage of justice' because it would require that an individual who is actually innocent remain imprisoned." *Id.* at 1267-68.  The actual innocence exception has been applied to actual innocence for the crime of conviction and actual innocence of a capital sentence.  *McKay v. United States*, 657 F.3d 1190, 1196-97 (11th Cir. 2011).

The actual innocence exception is a narrow exception that requires factual, not merely legal, innocence.  *Id.* at 1197-98.  We have not yet determined whether the actual innocence exception can be applied to noncapital sentences, and in *McKay* we declined to make such a determination because the appellant had alleged only legal innocence.  *Id.* at 1198.  Specifically, that petitioner claimed that his conviction for carrying a concealed weapon had been misclassified as a crime of violence to wrongly support a § 4B1.1 sentence enhancement.  *Id.* at 1194-95.  He sought to be resentenced without the § 4B1.1 enhancement in light of that misclassification.  *Id.* at 1194.  We rejected the petitioner's claim because the alleged misclassification of a crime was a legal argument, and the petitioner

5

did not assert that he was factually innocent of carrying a concealed weapon. *Id.* at 1199. "We thus decline[d] to extend the actual innocence of sentence exception to claims of legal innocence of a predicate offense justifying an enhanced sentence." *Id.*

Even assuming *Salinas* applies retroactively, Mr. Stevens's § 2255 motion is untimely because he only had one year to file his motion from the date *Salinas* was decided in 2006. *See Dodd v. United States*, 365 F.3d 1273, 1281 (11th Cir. 2004) (interpreting limitations period in § 2255(f)(3) begins to run on the date the Supreme Court recognizes a new right and closes one year later). Here, Mr. Stevens filed his § 2255 motion in October 2010, almost four years after Salinas was decided. Thus, his motion was untimely filed. *See* § 2255(f)(3). He also has not alleged cause and prejudice for purposes of equitable tolling. *See San Martin*, 633 F.3d at 1267. Furthermore, his substantive claim for relief from the § 4B1.1 enhancement could have been raised at the time of sentencing, and, thus, is procedurally barred. *See Lynn*, 365 F.3d at 1232; *Young v. United States*, 936 F.2d 533, 538 (11th Cir. 1991) (holding, prior to Stevens's conviction and sentencing, that a state drug conviction must contain a trafficking element in order to qualify as a "controlled substance offense" under § 4B1.2). Thus, both the district court's ability to review the motion despite the statute of limitations and

6

Stevens's ability to overcome the procedural bar to his claim depend on whether he is actually innocent of the § 4B1.1 career-offender enhancement. *See San Martin*, 633 F.3d at 1267-68; *Lynn*, 365 F.3d at 1234.

The actual innocence exception is inapplicable in this case. Like the petitioner in *McKay*, Stevens asserts that his conviction for possession of cannabis can no longer support a career offender enhancement under § 4B1.1. Specifically, Stevens asserts that his conviction for possession of cannabis cannot support the § 4B1.1 enhancement because: (1) that conviction no longer qualifies as a controlled substances offense, and (2) the Florida statute under which he was convicted is unconstitutional. Significantly, Stevens does not assert that he did not commit possession of cannabis. Because Stevens's arguments center on the legal classification of the crime of possession of cannabis, his claim is one of legal, not factual, innocence. *See McKay*, 657 F.3d at 1199. In *McKay*, we "decline[d] to extend the actual innocence of sentence exception to" such legal claims. *Id.* Thus, Stevens has not excused the procedural deficiencies facing his motion to vacate, and we affirm the dismissal of his motion to vacate. *See id.*

For the foregoing reasons, we affirm the dismissal of Stevens's motion to vacate.

**AFFIRMED.**