[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10717
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20435-KMW-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFRED LEONCE MARCEL VIAUD,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 11, 2015)

Before JORDAN, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Alfred Viaud appeals his 151-month sentence imposed after he pled guilty to possession with intent to distribute a controlled substance under 21 U.S.C. § 841(a)(1). Viaud was designated a career offender at sentencing, and he contends on appeal both that the career offender guideline is a non-existent penalty and that the district court erred by designating two of his predicate offenses as crimes of violence under the career offender guideline.[1] We address each issue in turn, and after review, affirm Viaud's sentence.

## I.  DISCUSSION

### A.  Career offender guideline is a non-existent penalty

For the first time on appeal, Viaud contends his career offender classification is "a non-existent penalty" because it conflicts with the notice requirement found in 21 U.S.C. § 851(a)(1), is not listed in his statute of conviction, and violates due process by not requiring notice. This Court reviews issues not raised before the district court for plain error. *United States v. Madden*, 733 F.3d 1314, 1319 (11th Cir. 2013).

A defendant qualifies as a career offender under the Sentencing Guidelines if "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is

---

[1] Viaud also asserts the appeal waiver provision in his plea agreement is invalid and unenforceable because the district court failed to discuss it with him during the Rule 11 plea colloquy. The Government concedes this issue.

a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.  U.S.S.G. § 4B1.1(a).  Viaud argues § 4B1.1(a) conflicts with 21 U.S.C. § 851(a)(1), which states:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

21 U.S.C. § 851(a)(1).

In *Young v. United States*, 936 F.2d 533, 535 (11th Cir. 1991), the appellant argued the government was required to comply with § 851(a)(1)'s notice requirement before using prior convictions to classify him as a career offender under the Sentencing Guidelines.  We rejected the argument, holding the government only needed to follow the notice requirements of § 851(a)(1) when it intended to enhance a defendant's statutory minimum or maximum penalty.  The government was not required to follow the notice requirements when a defendant received an enhanced sentence as a career offender under the guidelines, so long as the enhanced sentence was still within the permissible statutory range.  *Id.* at 535-36.

Viaud's 151-month sentence was well below the applicable 240-month statutory maximum, *see* 21 U.S.C. § 841(b)(1)(C), and we are bound to follow

3

*Young*'s precedent, *see United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008) (stating, under the prior-precedent rule, this Court is bound to follow its prior binding precedent unless and until it is overruled by this Court sitting *en banc* or by the Supreme Court).  Contrary to Viaud's contention otherwise, *Young*'s rationale is not undercut by the Sentencing Guidelines now-advisory status.  *See United States v. Booker*, 543 U.S. 220, 258-59 (2005) (holding the Sentencing Guidelines are advisory, not mandatory).  Moreover, no decision of this Court or the Supreme Court has held the career offender provision conflicts with § 851(a)(1), is "a non-existent penalty," or that utilizing the career offender provision without complying with § 851(a)(1) violates due process.  Thus, even assuming, *arguendo*, the district court erred in employing § 4B1.1, the error was not plain. *See United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003) ("It is the law of this circuit that, at least where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it.").

B.  *Predicate offenses*

Viaud next contends his sentence was procedurally and substantively unreasonable[2] because he did not have the two predicate felonies necessary to be

---

[2]  Viaud makes no other reasonableness arguments, rather than arguing his sentence "was procedurally and substantively unreasonable" because the prior offenses were not valid predicates.

4

considered a career offender.  First, he asserts his burglary of a dwelling conviction was not a crime of violence because there was no evidence that he had the intention to commit a burglary after entering the premises.  Second, he argues his conviction for fleeing and eluding police lights and sirens does not qualify as a crime of violence.  Where a defendant fails to object to his prior convictions being considered crimes of violence,[3] we review only for plain error.  *United States v. Pantle*, 637 F.3d 1172, 1174 (11th Cir. 2011).

Viaud was considered a career offender due to three predicate offenses under Florida law—(1) a 2009 controlled substance offense, "sale or delivery of cocaine with intent," (2) a 2012 guilty plea to "fleeing and eluding police lights and sirens," and (3) a 2004 guilty plea to burglary of a dwelling.

Only two valid predicate offenses are necessary to invoke the career offender guideline, and Viaud does not challenge that the controlled substance offense qualifies as a predicate offense.  *See* U.S.S.G. § 4B1.1(a).  Thus, if one of the challenged offenses qualifies as crime of violence, the career offender

---

[3] Viaud filed a *pro se* objection to the applicability of the career offender guideline, specifically challenging his two predicate crimes of violence, but his counsel withdrew the objection at sentencing.  Viaud's withdrawal is factually distinguishable from *United States v. Masters*, 118 F.3d 1524, 1526 (11th Cir. 1997), where a defendant indicated he wished to withdraw an objection that his attorney had made and not the other way around, but Viaud may have waived his objection to the classification of his prior convictions as crimes of violence, *see id.* (stating a defendant waives his objection and it will not be considered on appeal if he raises, then knowingly withdraws, an objection to his sentence).  We decline to decide the issue of whether Viaud knowingly waived the objection because Viaud's claim fails under the plain error standard.

designation applies.  This Court has held that a conviction under § 316.1935(2), Florida Statutes, such as Viaud's fleeing and eluding police conviction, constitutes a violent felony under the Armed Career Criminal Act's (ACCA) residual clause. *United States v. Petite*, 703 F.3d 1290, 1291 (11th Cir. 2013).  We reasoned that "simple vehicle flight from a flashing patrol car presents a serious potential risk of physical injury comparable to the ACCA's enumerated crimes of burglary and arson."  *Id.* at 1301.  This same reasoning also applies when determining whether such a conviction falls under § 4B1.2's identical residual clause.  *See United States v. Alexander*, 609 F.3d 1250, 1253 (11th Cir. 2010) (noting the residual clauses in the ACCA's "violent felony" definition and the career offender guideline's "crime of violence" definition are identical, so we will look to opinions applying the ACCA in considering whether an offense qualifies as a crime of violence under the career offender guideline).  Accordingly, the district court did not plainly err in determining that Viaud's fleeing and eluding conviction was a crime of violence under the career offender guideline.  Since only two valid predicate offenses are necessary to invoke the career offender guideline, it is unnecessary to analyze whether the district court erred in classifying his burglary of a dwelling conviction as a crime of violence.

6

## II.  CONCLUSION

Accordingly, Viaud  had at least two predicate felonies and the district court did not err in classifying him as a career offender.  *See* U.S.S.G. § 4B1.1(a).  We affirm his sentence.

**AFFIRMED.**