[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11556
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20624-UU-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDREW WILLIAMS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 27, 2015)

Before MARTIN, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Andrew Williams appeals his sentence of 180 months of imprisonment for possession of a firearm and ammunition by a convicted felon.  On appeal, Williams contends that the court unlawfully enhanced his sentence by ruling that his prior state drug convictions under Fla. Stat. § 893.13(1) were "serious drug offense[s]," 18 U.S.C. § 924(e)(2)(A), and "controlled substance offense[s]," United States Sentencing Guidelines Manual ("U.S.S.G.") § 4B1.2(b).  Because this Court recently held in *United States v. Smith*, __ F. 3d __, No. 13-15227, 2014 WL 7250963, at \*5 (11th Cir. Dec. 22, 2014), that "Section 893.13(1) of the Florida Statutes is both a 'serious drug offense,' 18 U.S.C. § 924(e)(2)(A), and a 'controlled substance offense,' U.S.S.G. § 4B1.2(b)," we affirm.

## I.

A federal grand jury indicted Williams on one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Williams pled guilty without the benefit of a written plea agreement.

The presentence investigation report ("PSR") describes three prior Florida state-court convictions for "possession with intent to sell, manufacture or deliver cocaine" and one Florida state-court conviction for resisting an officer with violence.  Based on these prior convictions, the probation officer initially assigned Williams a base offense level of 24, pursuant to U.S.S.G. §§ 2K2.1(a)(2) and 4B1.2(b), because Williams committed the instant offense after sustaining at least

two felony convictions of either a crime of violence or a controlled substance offense.  But since Williams also qualified as an "armed career criminal" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based on these same convictions, the PSR instead applied a base offense level of 33 under U.S.S.G. § 4B1.4(b)(3)(B).

Williams's resulting advisory guideline range was 188 to 235 months of imprisonment, and as an "armed career criminal" he was subject to a mandatory minimum sentence of 15 years of imprisonment.  *See* 18 U.S.C. § 924(e)(1). Williams objected to the enhancements based on his prior convictions, contending that the Florida drug convictions under Fla. Stat. § 893.13(1) were not qualifying predicate offenses under either the ACCA or the Sentencing Guidelines because the offenses did not require proof of a *mens rea* as to the illicit nature of the controlled substance.

At sentencing, the district court overruled Williams's objections and imposed a sentence of 180 months of imprisonment, noting that the length of the sentence was "outrageous" but was what the law required.  The court stated that it would have imposed a 71-month sentence in the absence of the statutory minimum. This appeal followed.

**II.**

3

"We review *de novo* whether a prior conviction is a serious drug offense within the meaning of the ACCA." *United States v. Robinson*, 583 F.3d 1292, 1294 (11th Cir. 2009). Likewise, we review *de novo* whether a prior conviction is a "controlled substance offense" under § 4B1.2(b). *United States v. Frazier*, 89 F.3d 1501, 1505 (11th Cir. 1996).

## III.

Under the ACCA, an individual convicted under 18 U.S.C. § 922(g) is subject to a mandatory minimum 15-year sentence if he has three previous federal or state convictions "for a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1). The ACCA defines "serious drug offense," in pertinent part, as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . , for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

Under § 2K2.1(a)(2) of the Sentencing Guidelines, a higher base offense level applies "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." The Guidelines define "controlled substance offense," in turn, as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture,

4

import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b).

Florida law provides that it is a crime to "sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance." Fla. Stat. § 893.13(1)(a). Where the offense involves cocaine, it is a second-degree felony carrying a 15-year maximum term of imprisonment. *Id.* §§ 893.13(1)(a)(1), 893.03(2)(a)(4), 775.082(3)(d). In 2002, the Florida legislature amended § 893.13(1)(a) by eliminating knowledge of the illicit nature of a substance as an element of controlled substance offenses. *Id.* § 893.101(1)-(2); *see State v. Adkins*, 96 So. 3d 412, 415-16, 423 (Fla. 2012) (upholding the constitutionality of the law). Lack of knowledge is now an affirmative defense. Fla. Stat. § 893.101(2).

Williams argues that his prior cocaine convictions under Fla. Stat. § 893.13(1) were not "serious drug offense[s]" or "controlled substance offense[s]" because § 893.13 does not require proof of the defendant's knowledge of the illicit nature of the substance. Relying primarily on our opinions in *Donawa v. U.S. Attorney General*, 735 F.3d 1275 (11th Cir. 2013), and *Young v. United States*, 936 F.2d 533 (11th Cir. 1991), he argues that *mens rea* is an implied, essential element of any qualifying crime under the ACCA or the Sentencing Guidelines. He further

contends that the rule of lenity[1] and the presumption in favor of mental culpability require that these provisions be construed in his favor.

In *Donawa*, we held that Fla. Stat. § 893.13(1)(a)(2), as amended by Fla. Stat. § 893.101, was not a "drug trafficking crime," as defined 18 U.S.C. § 924(c)(2), and therefore was not a "drug trafficking aggravated felony" for purposes of 8 U.S.C. §§ 1227(a) and 1101(a)(43)(B). 735 F.3d at 1279-82. Using the categorical approach, pursuant to which we look "only to the fact of conviction and the statutory definition of the offense," we asked whether "the state statute defining the crime of conviction categorically fits within the generic federal definition of a corresponding aggravated felony." *Id.* at 1280 (quoting *Moncrieffe v. Holder*,__ U.S. __, __, 133 S. Ct. 1678, 1684 (2013) (quotation marks omitted)). Because the federal analogue, 21 U.S.C. § 841(a)(1)[2], to the Florida controlled substance offense "requires the government to establish, beyond a reasonable doubt and without exception, that the defendant had knowledge of the nature of the substance in his possession," but Fla. Stat. § 893.13(1)(a)(2) does not, we held "that Fla. Stat. § 893.13(1)(a)(2), as amended by Fla. Stat. § 893.101, does not

---

[1] "The rule of lenity requires ambiguous criminal laws to be interpreted in favor of the defendants subjected to them." *United States v. Santos*, 553 U.S. 507, 514, 128 S. Ct. 2020, 2025 (2008).

[2] Section 924(c)(2) defines the term "drug trafficking crime" in reference to federal controlled substances provisions, including 21 U.S.C. § 841. *See* 18 U.S.C. § 924(c)(2).

qualify as a drug trafficking aggravated felony under the categorical approach." *Id.* at 1281-83.

Similarly, in *Young*, we held that state crimes were "controlled substance offense[s]" only if they were "substantially similar" to federal drug trafficking crimes. 936 F.2d at 536-38. For purposes of our decision in *Young*, the Guidelines defined a "controlled substance offense" as "an offense identified in 21 U.S.C. §§ 841, 845b, 856, 952(a), 955, 955a, 959, and similar offenses." *Id.* at 536; *see* U.S.S.G. § 4B1.2(2) (Nov. 1988). That definition was amended in 1989. *See Young*, 936 F.2d at 536 n.3.

After this appeal was fully briefed, this Court decided *Smith*, resolving the two issues currently before us. Specifically, we addressed whether the definitions of "serious drug offense" under 18 U.S.C. § 924(e)(2)(A) and "controlled substance offense" under U.S.S.G. § 4B1.2(b) include "crimes that do not require an element of *mens rea* regarding the illicit nature of the controlled substance." *Smith*, 2014 WL 7250963, at *1. After considering and rejecting the same arguments raised in this appeal, we held that "Section 893.13(1) of the Florida Statutes is both a 'serious drug offense,' 18 U.S.C. § 924(e)(2)(A), and a 'controlled substance offense,' U.S.S.G. § 4B1.2(b)." *Id.* at *3-5.

In reaching that holding, we explained that the defendants' reliance on *Donawa* was unavailing, stating, "We need not search for the elements of 'generic'

definitions of 'serious drug offense' and 'controlled substance offense' because these terms are defined by a federal statute and the Sentencing Guidelines, respectively." *Id.* at \*4. Looking to the plain language of the definitions in 18 U.S.C. § 924(e)(2)(A) and U.S.S.G. § 4B1.2(b)(2), we concluded that neither definition expressed or implied an "element of *mens rea* with respect to the illicit nature of the controlled substance." *Id.* And "we presume that Congress and the Sentencing Commission said what they meant and meant what they said." *Id.* (internal quotation marks and brackets omitted).

Finding the relevant definitions "unambiguous," we also rejected the defendants' arguments based on the presumption in favor of mental culpability and the rule of lenity. *Id.* Furthermore, we explained that our holding in *Young* did not control because "the definition of 'controlled substance offense' that we interpreted in *Young* is distinct from the definition at issue in this appeal." *Id.* *Compare* U.S.S.G. § 4B1.2(2) (Nov. 1988), *with* U.S.S.G. § 4B1.2(b) (Nov. 2013).

In view of this Court's decision in *Smith*, the district court correctly concluded that Williams's prior convictions under Fla. Stat. § 893.13(1) qualified as both "serious drug offense[s]," 18 U.S.C. § 924(e)(2)(A), and "controlled substance offense[s]," U.S.S.G. § 4B1.2(b). Therefore, we affirm Williams's sentence.

**AFFIRMED.**[3]

---

[3] Williams's "Motion to File Reply Brief Out of Time" is GRANTED.