[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12578
Non-Argument Calendar
_____

D.C. Docket No. 6:13-cr-00286-JA-KRS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,


versus


MIKEL GERELL WALKER,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 13, 2015)

Before JORDAN, JILL PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Mikel Walker appeals his 114-month sentence for possession with intent to distribute cocaine. He contends that the district court plainly erred in sentencing him under the career-offender guideline, U.S.S.G. § 4B1.1, based on his prior state convictions for selling and delivering cocaine. Specifically, he asserts that the statute underlying his prior convictions—Fla. Stat. § 893.13(1)—is a strict liability statute that does not require an offender to have knowledge of the illicit nature of the substance involved. Walkers contends that any "controlled substance offense" serving as a predicate conviction for § 4B1.2(b) requires a *mens rea* element. After a thorough review, we affirm.

## I.

In November 2013, a grand jury indicted Walker on one count of knowingly possessing with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). Walker later pleaded guilty to that charge.

In preparing the presentence investigation report (PSI), the probation officer determined that Walker was subject to the career-offender enhancement based on his prior state convictions for the sale and delivery of cocaine.[1] Based on a total offense level of 29 and a criminal history category of VI, the PSI set Walker's guideline range at 151 to 188 months' imprisonment. Neither Walker nor the government had any unresolved objections to the final version of the PSI. In a

---

[1] Walker's criminal history includes Florida convictions for the: (1) delivery of cocaine within 1,000 feet of a convenience business; (2) sale/delivery of cocaine; and (3) delivery of cocaine.

separate sentencing memorandum, Walker requested a downward departure, pursuant to U.S.S.G. § 4A1.3(b)(3)(A), arguing that his criminal history category overrepresented the seriousness of his criminal history.

At sentencing, both Walker and the government reiterated that they did not have any objections to the final PSI. As such, the district court adopted the PSI's factual findings and advisory guideline range of 151 to 188 months' imprisonment. Although the court rejected Walker's request for a downward departure, the court opted to vary downward and imposed a final sentence of 114 months' imprisonment. This is Walker's appeal.

## II.

Generally, we review the district court's determination that a defendant qualifies as a career offender under U.S.S.G. § 4B1.1 *de novo*. *United States v. Gibson*, 434 F.3d 1234, 1243 (11th Cir. 2006). Because Walker failed to object to the court's application of the career-offender enhancement, however, we review only for plain error.[2] *See United States v. Castro*, 455 F.3d 1249, 1251 (11th Cir. 2006); *see also* Fed.R.Crim.P. 52(b).

---

[2] The government argues that the doctrine of invited error precludes us from reviewing Walker's challenge at all. *See United States v. Ross*, 131 F.3d 970, 988 (11th Cir. 1997) ("It is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party.") (quotation marks omitted). We disagree. At sentencing, defense counsel stated that Walker's "acts in the past . . . technically qualify him[] as a career offender." But this statement came after the district court already had adopted the PSI's guidelines calculations, including the § 4B1.1 enhancement. Although Walker failed to object to his classification as a career offender, he did not ask for it.

Pursuant to U.S.S.G. § 4B1.1, a convicted defendant qualifies as a career offender if: (1) he was at least 18 years old when he committed the instant offense; (2) the instant offense is a felony that is either a crime of violence or a controlled substance offense; and (3) he has at least two prior felony convictions that constitute either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a). For purposes of § 4B1.1(a), a "controlled substance offense" is "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits" among other things, the "distribution . . . of a controlled substance . . . or the possession of a controlled substance . . . with intent to . . . distribute . . . ." U.S.S.G. § 4B1.2(b) (2013).

Under Florida law, "a person may not sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance." Fla. Stat. § 893.13(1)(a). This court recently held that a conviction under § 893.13(1) qualifies as a "controlled substance offense" under U.S.S.G. § 4B1.2(b). *United States v. Smith*, 775 F.3d 1262, 1268 (11th Cir. 2014). In *Smith*, we determined that the definitions for both "controlled substance offense" under § 4B1.2(b), and "serious drug offense" under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(A), include crimes that do not require an element of *mens rea* regarding the illicit nature of the controlled substance. *Id.* Specifically, we explained that "[n]o element of *mens rea* with respect to the illicit nature of the

4

controlled substance is expressed or implied" by the definition of "controlled substance offense" in § 4B1.2. *Id*. at 1267. Additionally, because the definition of "controlled substance offense" in § 4B1.2 is unambiguous, neither the presumption in favor of mental culpability nor the rule of lenity apply. *Id*.

In light of our recent decision in *Smith*, we conclude that the district court did not err, plainly or otherwise, in sentencing Walker as a career offender. Walker's prior convictions under Fla. Stat. § 893.13(1) qualified as "controlled substance offenses" for purposes of the career offender enhancement under § 4B1.1. *See Smith*, 775 F.3d at 1264, 1267; *see also United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008) (holding that this court is bound to follow prior precedent unless and until it is overruled by the Supreme Court or by this Court sitting *en banc*).

Additionally, Walker's reliance on our holding in *Young v. United States*, 935 F.2d 533, 536-37 (11th Cir. 1991)—to argue that state crimes are "controlled substance offenses," as defined in § 4B1.2(2), only if they are "substantially similar" to federally drug trafficking crimes—is unavailing. As we explained in *Smith*:

> When we decided *Young*, "controlled substance offense" was defined as an enumerated list of federal drug trafficking crimes and "similar offenses." U.S.S.G. § 4B1.2(2) (Nov. 1988). But the definition of "controlled substance offense," in this appeal, does not reference drug trafficking or a class of "similar offenses." U.S.S.G. § 4B1.2(b) (Nov. 2013).

5

*Smith*, 775 F.3d at 1268.  As such, *Young* interpreted a different version of the guidelines than in effect during Walker's sentencing, and his reliance on this case to establish a *mens rea* element is misplaced.

Accordingly, the district court properly characterized Walker as a career offender under § 4B1.1, and we affirm his 114-month sentence.

**AFFIRMED.**