[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15742
Non-Argument Calendar
_____

D.C. Docket No. 6:14-cr-00183-GKS-TBS-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DUWANE GILMORE,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 9, 2015)

Before JORDAN, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Duwane Gilmore appeals his 120 month sentence that the district court imposed based on his career offender status after he pled guilty to two counts of bank robbery by force or violence, in violation of 18 U.S.C. § 2113(a).  For the reasons set forth below, we affirm.

I.

After Mr. Gilmore pled guilty to two counts of bank robbery by force or violence, the probation office prepared a presentence investigation report ("PSI").  The PSI assigned Mr. Gilmore an offense level of 32 because it designated him as a career offender under U.S.S.G. § 4B1.1.  That enhancement applies if the defendant was at least eighteen years old at the time he committed the instant offense of conviction; the instant offense is either a violent felony or a felony controlled substance offense; and the defendant has at least two prior felony convictions either of a crime of violence or a controlled substance offense.  U.S.S.G. § 4B1.1(a).  The PSI stated that Mr. Gilmore was twenty-seven when he committed the robberies (which were crimes of violence), and that he had at least two prior predicate felony offenses.  *See id.* § 4B1.1(b).

The PSI listed four predicate offenses:  a 2005 conviction for possession with intent to sell cannabis within 1000 feet of a place of worship; a 2009 conviction for possession with intent to sell cannabis within 1000 feet of a school; a 2010 conviction for sale of cannabis within 1000 feet of a place of worship; and a

2012 conviction for recidivist battery.  After a three-level reduction for acceptance of responsibility, Mr. Gilmore's total offense level was 29.  His criminal history category was VI, which yielded a guidelines range of 151 to 188 months' imprisonment.

Mr. Gilmore objected to the PSI's use of his battery conviction as a predicate offense, acknowledging that binding circuit precedent established that battery was a violent felony under the career offender enhancement's residual clause but preserving the argument for appeal.  He also objected to the use of his drug convictions as predicate offenses because they did not necessarily involve an exchange of money, analogizing to cases holding that remuneration is required for an offense to qualify as "trafficking" under U.S.S.G. § 2L1.2, the guidelines provision governing unlawful reentry enhancements.

The district court overruled Mr. Gilmore's objections, noting that "there's ample convictions here to put him in the career offender category."  Doc. 53 at 9.[1] The district court nonetheless varied downward from the guidelines range and sentenced Mr. Gilmore to 120 months' imprisonment.

This is Mr. Gilmore's appeal.

II.

---

[1] "Doc." refers to the docket entry in the district court record in this case.

3

We review the district court's determination that Mr. Gilmore qualified as a career offender *de novo*. *United States v. Gibson*, 434 F.3d 1234, 1243 (11th Cir. 2006). For any challenge he raises for the first time on appeal, however, we review only for plain error. *United States v. Ramirez-Flores*, 743 F.3d 816, 821 (11th Cir. 2014), *cert. denied*, 135 S. Ct. 948 (2015). We may reverse on that ground only if we find (1) error (2) that is plain and (3) affected the defendant's substantial rights, and then only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* at 822. We review *de novo* issues of statutory interpretation, looking first to the plain language of the statute at issue. *United States v. Segarra*, 582 F.3d 1269, 1271 (11th Cir. 2009).

### III.

To qualify as a career offender, a defendant must have at least two prior felony convictions for either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a)(3). As used in section 4B1.1, "controlled substance offense" is defined as:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense.

*Id.* § 4B1.2(b). The Florida statute under which Mr. Gilmore was convicted in 2005, 2009, and 2010 provides that "a person may not sell, manufacture, or

4

deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance." Fla. Stat. § 893.13(1)(a). The possession with intent to sell or the sale of a controlled substance in violation of this statute within 1000 feet of a school or church is a felony punishable by up to fifteen years' imprisonment. *Id.* § 893.13(1)(c)(2).

Mr. Gilmore contends that, because his prior convictions under Fla. Stat. § 893.13(1)(a) did not necessarily require remuneration, the convictions cannot properly be classified as controlled substance offenses under the career offender enhancement. He contends that our holding in *Young v. United States*, 936 F.2d 533 (11th Cir. 1991), established that a state crime qualifies as a "controlled substance offense" under section 4B1.2(b) only if it is substantially similar to a federal drug trafficking crime which, he urges, requires an exchange of money for drugs. *See Moncrieffe v. Holder*, 133 S. Ct. 1678, 1686-87 (2013) (holding that a conviction under Georgia's statute criminalizing possession with intent to distribute marijuana, which does not require remuneration, does not constitute "illicit trafficking in a controlled substance" under the Immigration and Nationality Act, 8 U.S.C. §§ 1101(a)(43)(B), 1227(a)(2)(A)(iii)).

But, the plain language of the "controlled substance offense" definition in the guidelines when Mr. Gilmore was sentenced, which includes "possession of a controlled substance . . . with intent to . . . distribute[] or dispense," illustrates that

remuneration is not required. U.S.S.G. § 2B1.2(b). Mr. Gilmore's contention otherwise is based on this Court's interpretation of the guidelines definition before it was amended in 2013. We discussed this change in *United States v. Smith*, 775 F.3d 1262 (11th Cir. 2014), in which we rejected the applicability of *Young* to the guidelines as amended. In *Smith*, we concluded that the appellant's "reliance on *Young* is misplaced because the definition of 'controlled substance offense' that we interpreted in *Young* is distinct from the definition at issue in this appeal." *Id.* at 1268. "When we decided *Young*, 'controlled substance offense' was defined as an enumerated list of federal drug trafficking crimes and 'similar offenses.'" *Id.* (quoting U.S.S.G. § 4B1.2(2) (1988)). "But the definition of 'controlled substance offense,' in this appeal, does not reference drug trafficking or a class of 'similar offenses.'" *Id.* (quoting U.S.S.G. § 4B1.2(b) (2013)). Mr. Gilmore was sentenced under the amended definition of "controlled substance offense." Thus, Mr. Gilmore's reliance on *Young* similarly is misplaced. The district court did not err in overruling Mr. Gilmore's objection on this ground.

For the first time on appeal, Mr. Gilmore additionally argues that his convictions under Fla. Stat. § 893.13(1)(a) cannot be classified as predicate controlled substances offenses for purposes of the career offender enhancement because that statute contains no mens rea requirement, whereas the enhancement does. As Mr. Gilmore acknowledges, however, we also rejected this challenge in

6

*Smith*.  *See* 775 F.3d at 1268 ("Section 893.13(1) of the Florida Statutes is . . . a 'controlled substance offense,' U.S.S.G. § 4B1.2(b).  Neither [that] definition [nor the related 'serious drug offense' definition in the Armed Career Criminal Act] requires that a predicate state offense includes an element of *mens rea* with respect to the illicit nature of the controlled substance.").  We are bound to follow *Smith* unless and until it is overruled by the Supreme Court or this Court sitting en banc. *See United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008). Accordingly, there was no error, plain or otherwise, in the imposition of the enhancement.

Mr. Gilmore had three prior convictions under Fla. Stat. § 893.13(1)(a), each of which qualified as a predicate offense for the career offender enhancement.  The enhancement requires only two prior convictions; thus, the district court properly applied it to Mr. Gilmore's guidelines range.  And, because we conclude that Mr. Gilmore had the requisite predicate offenses to qualify as a career offender, we need not discuss any impact that *Johnson v. United States*, 135 S. Ct. 2551 (2015), may have on the status of Mr. Gilmore's battery conviction as a qualifying offense.

IV.

For the reasons set forth above, we affirm.

**AFFIRMED.**

7